## JAMES D. LEHMER

*v.*

## THE PEOPLE *ex rel.* H. B. Miller, Collector, etc.

1. SPECIAL ASSESSMENTS—*matters preceding application for judgment not open.* On application for judgment against real estate for a delinquent special assessment thereon, all matters preceding the application for judgment are *res adjudicata,* and not open to reinvestigation.

2. SAME—*amendment of assessment rolls.* There is no error in allowing amendments to be made in assessment rolls as to mere clerical errors and omissions not affecting a party's rights and interests.

3. SAME—*defense cut off by confirmation.* It is too late, on application for judgment upon a special assessment, to show that the proposed improvement was private and not public. That objection must be made before the assessment is confirmed, where the party has notice of the application for confirmation.

APPEAL from the County Court of Cook county; the Hon. MARTIN R. M. WALLACE, Judge, presiding.

Mr. WILLIAM BORDEN, for the appellant.

Messrs. BENNETT, KRETZINGER & VEEDER, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This is an appeal from a judgment of the county court of Cook county, rendered for a special assessment levied and assessed upon certain lands and lots in the town of Lake, for the improvement of Parker's avenue, so called, and reported by the collector to be delinquent.

Several objections were made on the application for judgment, none of which do we deem valid.

As to all matters preceding the application for judgment, they must, under the authority of *The People* v. *Brislin, ante,* p. 423, be considered *res adjudicata,* and not now to be again investigated.

As to the point made on the judgment, that the law authorizes but one judgment for taxes and special assessments, we

fail to see in these proceedings any substantial departure from the provisions of the General Revenue Law, not provided for by the "Act in relation to the collection of taxes and special assessments," in force May 2, 1873. Sess. Laws 1873, p. 69. See, also, *The People, etc.* v. *Brislin, supra.*

There is nothing in the point as to amendments of the assessment rolls. These were clearly clerical errors and omissions not affecting appellant's rights or interests in any manner.

It is too late now to inquire into the nature of Parker's avenue—whether public or private. That objection should have been made when application for confirmation of the assessment was made, of which appellant had notice by publication. It is now *res adjudicata.* It must have been adjudged a public street when the order of confirmation was entered, and there is no appeal from that.

We fail to perceive any error in the judgment, and it must be affirmed.

*Judgment affirmed.*