Peter Schertz

v.

The People *ex rel.* Isaac Taylor, Collector.

*Filed at Ottawa November 20, 1882.*

1. Special assessment—*judgment of confirmation—whether conclusive.* If, upon an application for the confirmation of a special assessment, the court has jurisdiction to render the judgment of confirmation, such judgment will conclude the land owner from questioning any of the proceedings had prior thereto, on a subsequent application for a judgment and order for sale of the premises. If, however, the proceedings anterior to the judgment confirming the assessment were so defective as not to authorize the court to act at all upon the question of confirmation, then objections to those proceedings may properly be made upon an application for judgment and order of sale, as well as at any other time.

2. Same—*confirmation, when a valid judgment.* Where the proceedings in the case of special assessments anterior to the order of confirmation conform substantially with the requirements of the statute on the subject, the

confirmation will be conclusive on the parties interested as to all objections to the proceedings anterior to the judgment confirming the assessments.

3.  FORMER ADJUDICATION—*not on merits, no bar to second suit.* Where an application for judgment against lots for unpaid special assessments is denied by the court, merely for the reason that no ordinance had ever been passed by the city council regulating the action of the city collector in making his report of delinquent lands and lots to the county collector, the order denying the application will be no bar to a second application for judgment, for the reason there was no hearing upon the merits on the first application.

APPEAL from the County Court of Peoria county; the Hon. JOHN C. YATES, Judge, presiding.

Mr. JOHN MUCKLE, for the appellant:

The judgment of confirmation of the assessments is conclusive if the court had authority to render it, and had jurisdiction of the appellant and of the subject matter, otherwise it decides nothing and concludes no one.   Notwithstanding the finding in the record that proper notice had been given, appellant had the right to prove, by the record or otherwise, that proper notices, as required by law, had not, in fact, been given.   *Goudy et al.* v. *Hall*, 30 Ill. 109 ; *Gage* v. *Bailey*, 102 id. 14 ; *Belleville Nail Co.* v. *People*, 98 id. 403 ; *Barnett* v. *Wolf*, 70 id. 76 ; *Webster* v. *Reid*, 11 How. 437 ; *Given* v. *McCarroll*, 1 S. & M. 351 ; *Baldwin* v. *Kimmel*, 16 Abb. Pr. 353 ; *Johnson* v. *Wright*, 27 Ga. 555.

It devolved on the People to show that the tax which was sought to be collected had the sanction of law to support it. *English* v. *People*, 96 Ill. 569.

A judgment of the county court denying judgment against lots for special assessments, where the court had jurisdiction and the parties are all before it, if made on the merits is conclusive against the People on a second application for judgment.   *Graceland Cemetery Co.* v. *People*, 92 Ill. 621 ; *Belleville Nail Co.* v. *People*, 98 id. 403 ; *Gage* v. *Bailey*, 102 id. 14 ; *Baker* v. *Cleveland*, 19 Mich. 230 ; *Town of Lyons* v. *Cooledge*, 89 Ill. 529.

The prior judgment, on its face, appears to have been on the merits, and if the record could be controlled by evidence *aliunde*, the burden of proof was on the People to show that the judgment was not what it purports to be,—a judgment on the merits. *Badger* v. *Titcomb*, 15 Pick. 416; *Webster* v. *Lee*, 5 Mass. 334; *Lord Bagot* v. *Williams*, 3 B. & C. 235; *Agnew* v. *McElroy*, 10 S. & M. 552; *Johnson* v. *Smith*, 15 East, 213; *Whittemore* v. *Whittemore*, 2 N. H. 26; *Phillips* v. *Burch*, 16 Johns. 136; *Coleman's Appeal*, 62 Pa. St. 252; *South Side R. R. Co.* v. *Daniel*, 20 Gratt. 363.

Mr. JULIUS S. STARR, for the appellee:

The confirmation of a special assessment by a court having jurisdiction is *res judicata* as to the validity of the assessment, and conclusive as to all objections that might have been taken to the proceedings. *Lehmer* v. *People*, 80 Ill. 601; *Andrews et al.* v. *People*, 84 id. 29; *Beveridge* v. *Park Comrs.* 100 id. 75; *People* v. *Brislin*, 80 id. 423.

In order for a judgment to be a bar to a subsequent application for a judgment, the court must have had jurisdiction, and there must have been a hearing upon the merits. There is no pretense here that in the former order refusing judgment, and referring the case back to the city collector, there was a hearing upon the merits.

An assessment, when once made a valid lien by judgment of confirmation, can only be discharged by payment of the sum assessed. *People ex rel.* v. *Atchison*, 95 Ill. 453.

The statute (sec. 153, art. 9, "Cities and Villages,") makes it the duty of the collector, within such time as may be provided by ordinance, to make a report in writing, etc. Until such ordinance was passed the application was premature.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

At the July term, 1882, of the county court of Peoria county, the People, on the relation of Isaac Taylor, county

collector, made application for, and obtained judgment, and order of sale of certain city lots belonging to Peter Schertz, the appellant, for a special assessment, made under an ordinance of the city of Peoria, for the improvement of Adams street, on which said lots are situated, and Schertz brings this appeal to reverse said judgment and order of sale.

On the hearing of the application the appellant filed, among others, the following objections:

"1.   The council of the city of Peoria passed no ordinance for the improvement of Adams street, from Hamilton street to the plank road.

"2.   The said court did not appoint any commissioners to assess the cost of said improvement of Adams street against the property benefited.

"3.   The judgment of said court, rendered August 25, 1880, confirming the report of commissioners Pinckney, Miller and Bestor, is void, because the court had not, prior thereto, appointed Pinckney, Miller and Bestor to assess the cost of the improvement of Adams street, from Hamilton street to the plank road; said court had no jurisdiction to enter said judgment; objector was not notified, as required by law, of the filing of said report and application for the confirmation of the same, and said judgment unlawfully and unjustly discriminated in favor of the Central City Horse Railroad Company, by allowing it to improve its own right of way in satisfaction of the amount assessed against it.

"4.   Said Central City Horse Railroad Company has not paid the amount assessed against it on account of said improvement, and no demand has been made on it for the same, and the same has not been returned delinquent, and no application has been made for judgment against it for its share of said assessment; and said city of Peoria has not, nor has said horse railroad company, improved or made any attempt to improve the right of way of said company, in the

manner specified in the ordinance for the improvement of Adams street, passed by the city council of said city April 7, 1880. And your objector here shows that said right of way is fourteen feet wide, and extends from Hamilton street to the plank road in said city, and is included in that portion of Adams street proposed to be improved by said ordinance passed April 7, 1880, and for which your objector's said property was assessed."

The court, on motion of counsel for the People, ordered the objections stricken from the files, on the ground the objector was concluded by the previous judgment confirming the assessment, and this is assigned for error.

The record of the entire proceeding, including the previous judgment, upon which the application is founded, was then before the court, and if it appeared from such record the court had jurisdiction to render the judgment of confirmation, it is clear the objections were properly stricken from the files. On the other hand, if the proceedings anterior to the judgment confirming the assessment were so defective as not to authorize the court to act at all upon the question of confirmation, then it is equally clear the objections in question might properly be made upon an application for judgment and order of sale of the lots, as well as at any other time, and if such was the case, the court erred in ordering them stricken from the files. The doctrine that the judgments and orders of a court acting without jurisdiction are absolutely void, and may be successfully resisted wherever and whenever sought to be enforced, even in a collateral proceeding, is so well understood, and elementary in its character, as to require no discussion at our hands.

The real question then would seem to be, is the confirmation of the assessment by the county court a valid judgment, or is it a mere nullity? We have examined the proceedings in the case anterior to the order of confirmation with care,

and so far as we are able to discover they conform substantially to the requirements of the statute on the subject, and we are consequently of opinion the order in question was, and is, a valid judgment, and that the defences which appellant now seeks to make, as set forth in the written objections stricken from the files, should have been made on the application to confirm the assessment, and that not having been so made, he is now concluded.

. It further appears from the record in this case, that a previous application had been made by the county collector for judgment and an order of sale of the same lots, on account of the same assessment now sought to be enforced;. but it not appearing on such application that any ordinance had ever been passed by the city council regulating the action of the city collector in making his report of the delinquent lands and city lots to the county collector, as contemplated by sec. 153, chap. 24, Rev. Stat. entitled "Cities and Villages," the application was denied, and it is now insisted by appellant the order denying the application then made is a bar to the present one. We do not think so. There was no hearing upon the merits in that case, hence the order of the court can not operate as a bar to the present application. In that case there was no authority to make the application; in this there was,—and this is the difference between them. In the first case the application was prematurely. made—in the second it was not.

The judgment will be affirmed.

*Judgment affirmed.*