Adolph Le Moyne *et. al.*

*v.*

The West Chicago Park Commissioners.

*Filed at Ottawa January 25, 1886—Rehearing denied March Term, 1886.*

1.   SPECIAL ASSESSMENT—*by park commissioners under the act of 1869 —notice of application for confirmation.*   Under section 13 of "An act to amend the charter of the city of Chicago, to create a board of park commissioners, and authorize a tax in the town of West Chicago, and for other purposes," approved February 27, 1869, the notice of the application for confirmation of the assessments on property benefited is not required to be published three times for three successive weeks.   Section 4, chapter 3, of the Revised Statutes, has no application, as the number of publications is

specified in section 13 of the act of 1869, it being ten days in three daily newspapers, and by posting, etc., before the application.

2. SAME—*waiver of objections to confirmation.* Where the owner of land which has been assessed for benefits, under the act mentioned and the act supplementary thereto, fails to make his objections to the confirmation of the assessment, either before the park commissioners or in the circuit court, he will be deemed to have waived his rights in that regard, and can not afterwards interpose such objections in the county court on an application for judgment.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

Messrs. WILSON & MOORE, for the plaintiffs in error.

Messrs. CAMPBELL, HAMILTON & CUSTER, and Mr. WILLIAM E. MASON, for the defendants in error.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This writ of error brings before us for review the decree of the circuit court of Cook county, confirming a special assessment in favor of the West Chicago Park Commissioners, and against property claimed by Adolph LeMoyne and others.

Three objections to the decree are urged as grounds for reversal: First, that it does not appear that the property assessed will be benefited by the improvement to the amount of the assessment; second, the whole cost of the improvement was levied upon the property benefited, without any apportionment between the property benefited and the public; and third, due notice was not given of the application for the appointment of the commissioners, on the application to the circuit court for the confirmation of the assessment. We only find it necessary to consider the last of these objections, since finding, as we do, that it is not well taken, the other two were waived by plaintiffs in error, and can not be now considered.

It is provided by section 13 of "An act to amend the charter of the city of Chicago, to create a board of park commis-

sioners, and authorize a tax in the town of West Chicago, and for other purposes," approved February 27, 1869, among other things, that when the assessors shall have completed the assessment, as previously directed to be made, "it shall be signed by the assessors and returned to the said circuit court, and shall be filed by the clerk thereof. The assessors shall thereupon give at least ten (10) days' notice, in three of the said daily newspapers, and by posting notices as aforesaid, of the filing of said assessment roll, and that they will, on a day therein named, apply to the circuit court for confirmation of the same, which said notice shall be published at least ten (10) days before the time fixed for such application." (1 Private Laws, 1869, p. 349.) Counsel for plaintiffs in error contend that this does not specify the number of publications, and that therefore publication must be made as required by section 4, of chapter 3, of the Revised Statutes of 1845, which was in force at the date of this enactment. That section provides, that "in all cases in which, by law or order of court, any advertisement shall be directed to be published, and the number of publications shall not be specified, it shall be taken and intended that such advertisement shall be published for three times for three consecutive weeks." We can not coincide in this view. Had it been intended that publication should be made under this section, then, undoubtedly, the legislature would have provided that the first publication should have been at least at such a time that there could have been the publication for three times for three consecutive weeks before the day at which application should be made for confirmation of the special assessment, which is not possible if the first publication be no more than ten days before that time. But the number of publications to be made under section 13, *supra,* is specified. The language is, "give at least ten days' notice in three daily newspapers, and by posting notices," etc.,—*i. e.*, by publication in three daily

newspapers, and posting notices, ten days before the application for the confirmation of the assessment.

This question was not considered in *Andrews* v. *The People*, 83 Ill. 529. The objection was raised there, but it was thought a sufficient answer to show that the record did not sustain the objection, waiving all question of whether, if sustained by the record, it was legally tenable. The record here shows, affirmatively, the requisite publication, and more, and so we hold there was ample jurisdiction to adjudicate both in respect to the person and the thing.

The section of the act of 1869, quoted *ut supra,* after the language quoted, provides: "Said circuit court shall have power to revise, correct, amend or confirm said assessment, in whole or in part, and may make or order a new assessment, in whole or in part, and the same revise and confirm upon like notice. All parties may appear before said circuit court, either in person or by attorney, when such application shall be made, and may object to said assessment, either in whole or in part, provided all objections shall be in writing, and shall be filed at least three days before the time fixed for the application, and shall specify the lot, block or parcel of land on behalf of which objection is made."

The third section of the act supplemental to the act above referred to, approved April 19, 1869, provides, among other things, as follows:

"When the assessment provided for in said section 13, and in this act, shall have been completed by said assessors, the same shall be returned to the said park commissioners, who shall fix a day upon which they will review, revise and correct such assessment, and shall give at least ten days' notice, by publication in some newspaper published in the city of Chicago, of the time and place when the said commissioners will meet to consider said assessment. The said commissioners shall have power to adjourn such meeting from time to time, and in their discretion to revise and correct the as-

sessment as to damages, benefits or otherwise, and confirm or amend the same, or refer the same back to the said assessors for revisal, or direct a new assessment to be made. Said assessment, when confirmed by the said commissioners, shall be final and conclusive upon all parties interested therein, except as is hereinafter provided. When such assessment is confirmed by the said commissioners, they shall make a copy thereof as corrected by them, and file the same, together with their certificate of such confirmation, in the court which shall have appointed such assessors; and they shall also file therewith all such objections as shall have been made to them, in writing, to said assessment, at the meeting hereinbefore provided for. And the said commissioners shall thereupon give the notice in said section required to be given by said assessors, and upon the hearing by the said court, the said confirmation shall be conclusive upon all parties interested, except such as shall have made their objections in writing, as aforesaid, and only such objections shall be considered by the court." 1 Private Laws, 1869, p. 355.

No objections to the validity of this section, or to that of section 13 of the act to which this act is supplemental, have been pointed out, and none have occurred to us as tenable. Assuming these sections to be valid, then, since no objections were taken, either before the commissioners or in the circuit court, to the assessment or to its confirmation, it is plain that the first and second objections have been waived by the failure to urge them at the time or in the manner thus required by the statute. *Kedzie* v. *West Chicago Park Commissioners*, 114 Ill. 280; *The People ex rel.* v. *Brislin*, 80 id. 423; *Gage* v. *Parker*, 103 id. 528; *Andrews* v. *The People*, 84 id. 28; *Blake* v. *The People, use, etc.* 109 id. 504.

The decree is affirmed.

*Decree affirmed.*

Subsequently, upon an application for a rehearing, the following additional opinion was filed:

Per Curiam: A petition for rehearing has been filed herein, which has received the careful attention of the court. It is assumed therein that the foregoing opinion holds that the confirmation of the report by the "West Chicago Park Commissioners, a non-judicial body, is final and conclusive without a day in court," etc. It was not intended so to decide, and it is not so decided. What is held final and conclusive is a decree of the circuit court rendered in a case wherein the court had jurisdiction of the person and of the subject matter, and after ample opportunity to the appellant to interpose objection, and his failure to do so.

It is insisted the cases cited in support of that ruling are not analogous—that the question in those cases arose collaterally. Suppose that it did; where the objection goes to the jurisdiction, and if sustained will render the decree void, it is just as good in a collateral proceeding as in a direct proceeding. That which is absolutely void is of no avail anywhere. Cooley's Const. Lim. (4th ed.) 499, *et seq.* *398. These cases, then, conclusively settle that these objections are not jurisdictional. Not being jurisdictional, why is it not competent for the legislature to say that they shall be deemed waived if not made so as to be passed upon by the circuit court at the time of decreeing upon the confirmation of the report? Counsel have pointed out no reason, and we are unable to recall any.

The cases the counsel cite are not in point. In *City of Chicago* v. *Burtice*, 24 Ill. 489, and *City of Chicago* v. *Wright*, 32 id. 192, the defendants appeared and filed objections, which were sustained by the court. In *Creote* v. *City of Chicago*, 56 Ill. 422, numerous objections were filed to the report of the commissioners, which, upon objection, were overruled by the court. And in *Union Building Association* v. *City of Chicago*, 61 Ill. 440, the proceedings with reference

to the original assessment were, from the first inception through every stage, held to be totally void, upon grounds having no application here, and it was held that an assessment to make up its deficiencies was also void. It was therefore impossible that the question here involved could have been considered or decided in either of those cases.

The rehearing is denied.

*Rehearing denied.*