The Chicago and Northwestern Railway Company

*v.*

The People *ex rel.* W. C. Seip, Collector.

*Filed at Springfield March 23, 1887.*

1. Special assessments—*for park or boulevard purposes—liability of railway property.* There is no constitutional or statutory exemption from the assessing of railway property, if specially benefited, for park or boulevard purposes.

2. Same—*confirmation—of its conclusiveness as to matters in defence.* A judgment confirming special assessments upon property benefited by a proposed public improvement, is conclusive as to any and all objections and defences that might have been interposed thereto. On application for judgment against the lands for delinquent assessments, it can not be shown that the property was exempt, or not benefited, or that the ordinance under which they were made was invalid. All such matters, after the judgment of confirmation, become *res judicata.*

Appeal from the County Court of Cook county; the Hon. Richard Prendergast, Judge, presiding.

Mr. W. C. Goudy, for the appellant:

The railroad property was not subject to special assessment to make the proposed improvements. Park act, 1 Private Laws of 1869, p. 348, secs. 13, 14; *South Park* v. *Railroad Co.* 107 Ill. 105; *City of Philadelphia* v. *Railroad Co.* 33 Pa. St. 41; *Railroad Co.* v. *City of Philadelphia,* 88 id. 424; *Railroad Co.* v. *Board of Trustees,* 14 N. Y. 652; *City of Bridgeport* v. *Railroad Co.* 36 Conn. 255; *Railroad Co.* v. *City of New Haven,* 42 id. 279.

Without reference to the various decisions of this court, it is sufficient to say that the rule is now firmly established that a special assessment for benefits is to be determined according to the actual benefits accruing to a particular parcel of property over and above the general benefit in favor of the public. Attention, however, is called to *White* v. *People,* 94 Ill. 604, *Craw* v. *Tolono,* 60 id. 256, *Greeley* v. *People,* id. 20, *Crawford* v. *Ramsey,* 82 id. 557, and *Hundley* v. *Commissioners,* 67 id. 560.

Messrs. Campbell, Hamilton & Custer, for the appellee:

That the questions sought to be here raised are settled in our favor, see *Le Moyne* v. *Park Commissioners,* 116 Ill. 42; *Kedzie* v. *Park Commissioners,* 114 id. 280; *Park Commissioners* v. *Telegraph Co.* 103 id. 33.

Mr. Justice Scholfield delivered the opinion of the Court:

This appeal is from a judgment of the county court of Cook county, for the amount delinquent on a special assessment made on behalf of the West Chicago Park.

The proceeding was instituted under section 13 of "An act to amend the charter of the city of Chicago, to create a board of park commissioners, and authorize a tax in the town of West Chicago, and for other purposes," approved February 27, 1869. (1 Private Laws of 1869, p. 348.) Assessors were appointed, and an assessment was made, the roll of which

was returned to the circuit court of Cook county, and confirmed by that court, after proper notice to the owners of the property affected, on the 21st of January, 1884. The Chicago and Northwestern Railway Company did not appear before the circuit court and make any objection to the confirmation of the assessment. A warrant was issued to the collector, and the railway company not having paid the several amounts assessed against its property, it was returned delinquent. Application was then made to the county court by the county collector, for judgment against the property so returned delinquent. The railway company appeared and made objections, which were overruled by the court.

Three grounds are urged for reversing the judgment of the county court: First, the railway real estate is not subject to special assessment for the opening and maintenance of the proposed boulevard; second, no special assessment was made, but the burden imposed was a tax according to the value of the property; third, the assessors did not estimate the benefits on the several lots, blocks or parcels of land. Neither of these positions is, in our opinion, tenable.

There is no constitutional or statutory exemption against assessing railway property, if specially benefited, for park or boulevard purposes; and, therefore, unless there is something in the nature of the property itself which absolutely precludes, as a matter of law, inquiry and judgment by the circuit court whether such property can be specially benefited by the opening or improving of parks or connecting boulevards, the court plainly had jurisdiction to ascertain and determine the fact and apply the law; and if the circuit court had jurisdiction to ascertain and determine the fact and apply the law, it is unimportant that it adjudged that there were special benefits, when, in fact, there were none, and, under the peculiar condition and location of the property, could have been none, for this is error, only. We are aware of nothing in the nature of such property which, in a legal sense, absolutely precludes all

inquiry whether it may, in any case and under any circumstances, be specially benefited by a park or by a boulevard connecting different parks.

In *Canal Trustees et al.* v. *City of Chicago*, 12 Ill. 403, we held that the property of the trustees of the Illinois and Michigan Canal might be specially benefited by the opening of a street, and that it was therefore to be included in a special assessment for that purpose. In *City of Ottawa* v. *Free Church et al.* 20 Ill. 423, we held that church property, though not liable to ordinary taxation, was liable to special assessment. In *County of McLean* v. *City of Bloomington*, 106 id. 209, we held that the public square in the city of Bloomington, belonging to the county, was liable to be specially assessed for the improvement of the adjacent streets. And in *City of Chicago* v. *Baptist Theological Union*, 115 id. 245, we held that a clause in the charter of a college, exempting its property from special assessments, was in contravention of the constitution of 1848, which required uniformity and equality in special assessments.

The case of *South Park Commissioners* v. *Chicago, Burlington and Quincy Railroad Co.* 107 Ill. 105, cited by counsel for appellant, was an appeal from the Appellate Court in a case which had been brought into that court by writ of error to the circuit court, on a judgment of confirmation, and the question there was, whether right of way, occupancy, franchise, property and interest of the appellee in Michigan avenue are, within the meaning of the acts therein cited, contiguous property abutting upon such avenue, and it was held in the negative. But there is nothing analogous to that in the case before us.

Whatever may be said in regard to the mere track of the railway, it is impossible to see why depot grounds, and other real estate used by the company, may not be benefited by improvements of the character here contemplated, at least as much as may be the public square occupied by the county court house, the canal lands, and the lot occupied by the

church, by like improvements; and since the question of jurisdiction turns upon the right of inquiry, and not upon the correctness of decision, it is enough that railroad property may sometimes, under certain circumstances, be specially benefited by improvements of the general character of the present.

The report which was confirmed was, that the assessors had made the assessment "upon the property by them deemed benefited by reason of such improvement, as near as may be in proportion to the benefits resulting thereto." This was not objected to, and was confirmed by the court, and is a sufficient refutation of the allegation that a tax was levied according to the value.

In *People* v. *Brislin*, 80 Ill. 423, the appeal was, as it is here, from a judgment of the county court on an application for a judgment against lands for the amount of a delinquent assessment. Among other objections urged, was one that the assessment was not on contiguous property, but it was said: "This question, and all others bringing up the levy and assessment, have been passed upon by the circuit court, and are *res judicata*, and can not now be made in this court. Upon these there is a judgment pronounced by a court of competent jurisdiction, and there they must rest."

*Lehmer* v. *The People ex rel.* 80 Ill. 601, decided at the same term, was the same kind of case, and one of the objections urged was, that Parker avenue, to improve which the special assessment there in question was made, was a private and not a public way, and, therefore, there was no authority in law to assess private property for its improvement; but the court said: "It is too late now to inquire into the nature of Parker avenue,—whether public or private. That objection should have been made when application for confirmation of the assessment was made, of which appellant had notice by publication. It is now *res judicata*. It must have been adjudged a public street when the order of confirmation was entered, and there is no appeal from that."

*Andrews* v. *The People ex rel.* 83 Ill. 529, was an appeal from a judgment of the circuit court of Cook county ordering the sale of the lands of appellant as delinquent, for the amount of certain special assessments for park purposes in the town of West Chicago, and for State.and county taxes. It was objected that it did not appear that the property was benefited to the amount assessed thereon, but it was said: "This question was settled by the judgment of the court fixing the amount of the assessment. This is a proceeding to collect the assessment. The former judgment can not be attacked collaterally. The court rendering that judgment had jurisdiction, and its judgment is final." There was also kindred ruling in *Chicago and Northwestern Railway Co.* v. *The People ex rel.* 83 Ill. 467.

In *Gage* v. *Parker*, 103 Ill. 528, bill was filed to redeem, and to set aside certain tax deeds. It was, among other things, contended, that the sale for taxes was void, because the ordinance under which the special assessment was made did not comply with the law, and therefore conferred no power to make the special assessment; but it was held that this objection was cured by the judgment of confirmation. It was said: "If the assessment was illegal from the fact that it was based upon an insufficient ordinance, it was the duty of the complainant in the bill to appear before the county court when the application was made to confirm the assessment, and there make the objection; but as he failed to do so, this judgment of the county court, when called in question collaterally, must be regarded as conclusive."

In *Schertz* v. *The People*, 105 Ill. 27, which was, like the present case, an application for judgment to sell real estate to pay the amount of a delinquent assessment, numerous objections were urged, all of which, on motion, were stricken from the files, and this ruling was sustained, the court saying: "The record of the entire proceedings, including the previous judgment upon which the application is founded, was then

before the court, and if it appeared, from such record, the court had jurisdiction to render the judgment of confirmation, it is clear the objections were properly stricken from the files." And again it was said: "The real question, then, would seem to be, is the confirmation of the assessment by the county court a valid judgment, or is it a mere nullity."

This court has held, contrary to the opinion of the writer hereof and Mr. Justice Craig, in *Riverside Co.* v. *Howell*, 113 Ill. 263, that a different rule applies to ordinary tax sales, and the principle governing this class of cases, and that difference, is there thus explained: "Such confirmations of assessments are, in our opinion, to be viewed differently from a judgment to sell real property for the taxes due thereon. In carrying out the powers given cities, etc., by section 9, of article 9, of the constitution, of making local improvements by special assessments on contiguous property, these confirmations of the assessments may be regarded like that of the valuation of property by the proper officers in ordinary cases of assessment, and if the property owner fails to make his objections in the proper place, and the assessment is confirmed, then he may well not be permitted to go behind the confirmation in urging objections when proceeding is taken for enforcing the payment of such special assessments."

In *Kedzie* v. *West Chicago Park Commissioners*, 114 Ill. 280, we held, upon the record then before us, that the circuit court had jurisdiction to confirm the identical report of commissioners upon which the present application for judgment is based, and that no objection to it could be heard, upon bill in chancery to enjoin the proceeding, which might have been urged in that court. In *Le Moyne et al.* v. *West Chicago Park Commissioners*, 116 Ill. 41, on the record then before us questioning the same assessment, we overruled all objections now urged, except the first, and that was not then urged.

The judgment is affirmed.

*Judgment affirmed.*