John M. Scott

v.

The People *ex rel.* James L. Douglas, Collector.

*Filed at Springfield June 17, 1892.*

1. Delinquent taxes—*prima facie case on application for judgment.*
Section 191 of the Revenue act prescribes the manner of proceeding
to obtain judgment for delinquent taxes generally, and under it the
collector's report, and proof of notice of the application for judgment,
make out a *prima facie* case for the People ; and it makes no difference
in this regard whether the application is for a delinquent general tax,
or a special tax or special assessment, the rule resting on the presump-
tion that the officers making the assessment have done their duty.

2. Same—*application for judgment—demurrer to objections.* On ap-
plication by the collector for delinquent taxes and special assessments,
there is no such a thing as a demurrer to objections filed, and the ob-
jector is required to specifically state "the particular cause of objec-
tion" relied on to defeat the application.

3. Special assessments—*report of city collector—prima facie evi-
dence that the special assessments are due and unpaid.* Section 39, ar-
ticle 9, chapter 24, of the Revised Statutes, makes it the duty of the
city collector of special assessments to make a report to the general
officer of the county authorized to apply for judgment and sell lands
for taxes, "of all the lands, town lots and real property on which he
shall have been unable to collect special assessments," etc., and also
provides that his report, "when so made, shall be *prima facie* evidence
that all the forms and requirements of the law in relation to making
said return have been complied with, and that the special assessments
mentioned in said report are due and unpaid."

4. Same—*presumption of regularity.* In the absence of proof to the
contrary by the objector, in an application for judgment for delinquent
special assessments, it will be presumed that a judgment of confirma-
tion was regularly entered.

5. Same—*failure of record to show order appointing commissioners—
how taken advantage of.* The failure of the record to show an order
appointing commissioners to make a special assessment is an irregu-
larity that should be taken advantage of on the application for judg-
ment of confirmation, and can not be urged on application for judgment
by the county collector. When the court, on application for confirma-
tion of the assessment, has recognized the commissioners who acted as
having been appointed, and treated their roll as the assessment in the

proceeding, it can not be said there was a want of jurisdiction to confirm the same.

6. SAME—*application for judgment—what objections may be heard—want of jurisdiction.* On application for judgment on delinquent special assessments, no defense or objection can be heard or made which might have been interposed on the application for their confirmation. But if it appears that the court confirming such assessment had no jurisdiction to enter such judgment, then it is not conclusive of the regularity of the tax. Like any other void judgment it may be attacked collaterally, by showing irregularities in the proceedings by which it was attempted to be levied.

7. SAME—*application for judgment—when the court may refuse to call a jury.* Where the objections to the rendition of judgment for delinquent special assessments are mere conclusions, and not statements of facts, or the objectors are estopped from setting up defenses by the judgment of confirmation, the court may properly refuse to call a jury to pass upon the facts alleged in such objections, and may refuse to hear evidence to support them.

8. PRACTICE IN THE SUPREME COURT—*points not raised by objections to judgment for delinquent taxes and special assessments can not be urged in the Supreme Court.* No ground for the reversal of the judgment against lands for delinquent taxes or special assessments can be urged in this court which has not been raised by the objections in the court below.

APPEAL from the County Court of McLean county; the Hon. COLOSTINE D. MYERS, Judge, presiding.

This is an appeal from a judgment of the county court of McLean county, against certain lots owned by appellant in the city of Bloomington, for special taxes, interest, costs and penalties rendered on the report of the county collector of said county, to the effect that he had been unable to collect a city special tax for the year 1890, for paving and laying service pipes on Main street, in said city, south of Jefferson street. To the application for said judgment appellant appeared and filed objections. On his first appearance he filed a single objection, as follows: "Objector says that there are no valid assessments against his said property for paving South Main street, or for service pipes, or otherwise, levied or assessed, by any valid

law or ordinance, or by any valid confirmation judgment, or otherwise, due or to become due to the People of the State of Illinois, to the county of McLean, or firms of persons, or to any corporation, as alleged in the application for judgment herein, or otherwise." Subsequently, by leave of court, he filed twelve additional objections. The first of these, like the preceding one, points out no particular illegality or irregularity in said special assessment proceedings, but charges generally "that they are wholly without authority of law, and are therefore null and void." The second, third, fourth, fifth and twelfth, are, in substance, the same, in each of which the point of objection is, that when a street has been once paved by a city at the expense of abutting property owners, by special assessment or special taxation, "all the particular benefits to the locality derived from the improvement have been recovered, and the property can not be assessed a second time for a like improvement." The sixth alleges that a large majority of the property owners on said street protested and remonstrated against said "alleged ordinance and assessment." The seventh, that no public necessity existed for said pavement. The eighth, that if any necessity existed for repairing said old pavement, the city had now adopted the policy of making all repairs on streets at the common expense of the city, and to impose the burthen of the tax in question upon abutting property owners, as a means of repairing the pavement, is unjust and oppressive. The ninth, that the work of paving said street is about to be done in a manner different from that prescribed by the ordinance. The tenth, that the judgment of the county court of McLean county, confirming said tax assessment against the property of objector, is void for want of jurisdiction of the subject matter, because commissioners to estimate the cost of said improvement, and make the assessment as required by the statute, were never appointed by said court. The eleventh, that said special tax proceeding, and the confirmation thereof, are null and void,

because at the time of the said confirmation there was no entry, and never had been, on the record or docket of the county judge of the county court of said county, or upon any other court record of said county, of the appointment of commissioners to make said assessment.

The grounds of reversal urged are:  First, the record fails to show that the city of Bloomington has adopted "article 9, of the general Incorporation act, in relation to cities, villages and towns, from which source alone comes the power to levy the alleged special tax assessment attempted to be collected in this case;" second, there is an "entire absence in this record of any ordinance authorizing any local improvement to be made, and imposing either special taxes or special assessments upon the property of appellant for the payment of the same;" third, the record "contains no evidence whatever that there was ever any confirmation judgment for the alleged special tax assessment against the property of appellant. Nor is there a particle of evidence that appellant ever knew or heard that there were any confirmation proceedings instituted by the city to confirm the special tax attempted to be assessed against his property for local improvements;" fourth, "the record contains nothing that makes the collector's return of special taxes or special assessments *prima facie* evidence of anything it contains;" fifth, the city had no "lawful authority to take up a good and substantial pavement in a street then in good repair and suitable for the public use, that had been laid by the city at the expense, in whole or in part, of the abutting land or lot owners, and to lay in its stead an entirely new pavement, with other and different material, and assess the entire cost of such new pavement upon the same abutting lands or lots, and do that when and as often as fancy or caprice may move it to act." Also, the court below committed the following errors in its rulings and decisions at the hearing: First, in overruling appellant's motion to have a jury called to try all questions of fact raised by his objections; second,

in refusing to allow appellant to call witnesses to prove the facts alleged in each and every of his objections; third, in overruling each and every of said objections of its own motion, and rendering judgment of sale, etc.

Messrs. Williams & Capen, for the appellant:

This court will take judicial notice that the city of Bloomington is acting under a special charter, and the record fails to show that the city ever adopted article 9 of the general Incorporation act. *Potwin* v. *Johnson*, 108 Ill. 70.

The evidence entirely fails to show any ordinance for the making of the proposed improvement. Appellant offered to prove there was no valid ordinance, which the court refused to allow.

The record fails to show there was any judgment for the confirmation of the alleged special tax assessments against the property of appellant. It is necessary, before a court can obtain jurisdiction under section 24 of article 9 of the act of 1872, to confirm special assessments, that the court shall appoint three persons as commissioners to examine report, etc. The record fails to show any such appointment.

The record contains nothing that makes the collector's return of special assessments *prima facie* evidence of anything it contains. *Schertz* v. *People*, 105 Ill. 27.

Appellant was entitled to have a jury pass upon the facts stated in his objections, and to give evidence to support the same.

The city has no authority to take up a good and substantial pavement in a street, and to lay in its stead a different one at the cost of abutting lots. Special taxes are justified only on the ground that the subject of the tax receives an equivalent. *Bloomington* v. *Railroad Co.* 134 Ill. 459; *Hammet* v. *Philadelphia*, 65 Pa. St. 146; 111 id. 135; *Williamsport* v. *Beck*, 128 id. 147.

Mr. Sain Welty, and Mr. F. Y. Hamilton, for the appellee :

Your honors have repeatedly announced that the collector's sworn report of the list of delinquent lands, together with proof of publication thereof and notice of application, make a *prima facie* case, and that the collector is not bound to show that the tax was legally assessed, by proof, until the presumption by his return of the delinquent list is overcome. *People* v. *Givens*, 123 Ill. 352; *Brackett* v. *People*, 115 id. 29; *Frew* v. *Taylor*, 106 id. 159.

It was the duty of the objector to present his objections upon the confirmation of the special taxes, and all objections have become *res adjudicata* that could have been urged against such confirmation. *People* v. *Brislin*, 80 Ill. 423; *Andrews* v. *People*, 84 id. 28; *Railway Co.* v. *People*, 83 id. 467; *Gage* v. *Parker*, 103 id. 528; *Schertz* v. *People*, 105 id. 27; *Blake* v. *People*, 109 id. 504.

The objection that the record does not show the adoption by the city of article 9 of the general Incorporation act, is answered : First, that it is an objection that should have been made on the confirmation of the special taxes; and second, that if it could have been urged against the application for judgment by the collector, the appellant should have set it up by way of objection, as the burden was upon him to show that said article had not been adopted. The record does not show that any such objection was made.

The objection that the record does not show any ordinance authorizing a local improvement, is untenable. Nearly every one of appellant's objections referred to an ordinance for the local improvement in question. If there had been no such ordinance it was the duty of appellant to have set it up upon the confirmation of the special taxes. *Schertz* v. *People*, 105 Ill. 27.

If the appellant could have shown there was no such an ordinance, and desired to have taken advantage of the same, he should have set up the same by way of objection to the application of the county collector.

The case of *Lindsay* v. *Chicago*, 115 Ill. 120, cited by appellant, was an application to confirm a special assessment, and not an application by the county collector for judgment to collect a delinquent assessment, and is therefore not in point in this case.

The objection that the record does not show any confirmation judgment of the special taxes in question may be answered: First, nearly every one of appellant's objections refer to a confirmation judgment by the county court of McLean county; and second, if there had been no such judgment it was the duty of the appellant to allege that fact by way of objection, and sustain the same by evidence.

The rule of law that the collector's report, proof of publication and notice of application make a *prima facie* case, does not depend for a basis alone upon section 39, chapter 24, of the Statutes of Illinois, but is a general rule of law applicable to all kinds of taxes and assessments. *People* v. *Givens*, 123 Ill. 352.

The court properly overruled the objection first filed by the appellant. It was not proper to demur or plead to appellant's objection, and a failure to do so was no admission of the truth of the objection. *People* v. *Chapman*, 127 Ill. 392; Rev. Stat. chap. 120, sec. 191.

The power to pave a street is not exhausted by its first exercise. *Gurnee* v. *Chicago*, 40 Ill. 165; *Scammon* v. *Chicago*, 42 id. 192; Cooley on Taxation, 422.

The objection that there is no entry of the appointment of the commissioners is answered in *Schertz* v. *People*, 105 Ill. 27.

Mr. Justice WILKIN delivered the opinion of the Court:

In passing upon the several grounds of reversal insisted upon, it will be proper to determine, first, what the collector was required to prove in order to make out a *prima facie* case in favor of the People.

Section 39, article 9, chapter 24 of the Revised Statutes, (1 Starr & Curtis, p. 501,) makes it the duty of the city collector of special assessments to make report to the general officer of the county authorized to apply for judgment and sell lands for taxes, "of all the lands, town lots and real property on which he shall have been unable to collect special assessments," etc., and further provides, that his report, "when so made, shall be *prima facie* evidence that all the forms and requirements of the law in relation to making said return have been complied with, and that the special assessments mentioned in said report are due and unpaid." Section 40 of the same article provides, that said general officer shall proceed to obtain judgment against said lots, etc., for said special assessments remaining due and unpaid, "at the same time and in the same manner as is or may be by law provided for obtaining judgments against lands for taxes due and unpaid the county and State. * * * In obtaining said judgment * * * the said officer shall be governed by the general revenue laws of this State, except when otherwise provided herein."

Section 191 of the Revenue act (2 Starr & Curtis, p. 2086,) prescribes the manner of proceeding to obtain judgment for delinquent taxes, generally, and under it this court has often held that the collector's report, and proof of notice of the application for judgment, make out a *prima facie* case for the People. (*Durham* v. *The People*, 67 Ill. 414; *Chiniquy* v. *The People*, 78 id. 570; *Mix* v. *The People*, 81 id. 118; *Same* v. *Same*, 86 id. 312.) It makes no difference in this regard whether the application is for a delinquent general tax, or a special tax, or special assessment. These decisions do not rest upon the latter clause of section 39 above quoted, but upon the presumption that the public officers making the assessment have done their duty. *Lehmer* v. *The People*, 80 Ill. 601; *The People* v. *Givens*, 123 id. 352; *Brackett* v. *The People*, 115 id. 29; *Frew* v. *Taylor*, 106 id. 159.

No objection is made here to the collector's report or his proof of publication, and therefore, upon offering them in evidence, the People were entitled to the judgment rendered, unless appellant overcame that *prima facie* case, or offered to do so, by competent proof. Whether he made such an offer will depend upon how far he was concluded by the judgment of confirmation of said assessment by the county court of McLean county.

Section 39, Article 9, from which we have already quoted, further provides: "And upon the application for judgment upon such assessment no defense or objection shall be made or heard which might have been interposed in the proceeding for the making of such assessment or the application for the confirmation thereof." To the same effect are numerous decisions of this court. *People* v. *Brislin,* 80 Ill. 423; *Railroad Co.* v. *The People,* 83 id. 467; *Andrews* v. *The People,* 84 id. 28; *Gage* v. *Parker,* 103 id. 528; *Blake* v. *The People,* 109, id. 504. If, however, it is made to appear that the court confirming such assessment had no jurisdiction to enter such judgment, then it is not conclusive of the regularity of the tax, but may, like any other void judgment, be attacked collaterally, by showing irregularities in the proceedings by which it was attempted to be levied. *Schertz* v. *The People ex rel.* 105 Ill. 31.

From what has been said as to the proof necessary to make a *prima facie* case in such proceedings, it must follow that in the absence of proof, by the defendant or objector, to the contrary, it will be presumed that a judgment of confirmation was regularly entered.

But appellant insists that by overruling his tenth objection, (referred to in his argument as the eighth) and in refusing to allow him to support that objection by proof, the court below denied him the right to overcome that presumption. This raises the question, does that objection, if everything stated in it be admitted, show the proceedings anterior to the confirmation to have been so irregular as to leave the court with-

out jurisdiction of the subject matter of said assessment? There is no such thing as a demurrer to objections of this kind, and the objector is required to specifically state "the particular cause of objection" relied upon to defeat the judgment. (Sec. 191, chap. 120, *supra.*) The objection in question is in the following language:

"Objector avers and charges that the alleged confirmation judgment in the said proceedings to make said alleged tax assessments against the property of objector, as hereinbefore described, and for which judgment is now sought to be obtained against his property, is null and void, for the reason the county court of McLean county that attempted to render said judgment of confirmation never, in any lawful way, obtained jurisdiction of the subject matter, and he therefore avers that the alleged confirmation proceedings in the matter of the alleged special assessments against the property of objector, for paving Main street in front of his property, are without authority of law, and therefore null and void. Objector avers and charges it is necessary, before a court can obtain jurisdiction to hear and determine confirmation proceedings in cases of special assessments for local improvements, that the court shall appoint three competent persons, commissioners, to examine what property in the locality of the proposed improvement will be especially benefited thereby, and estimate the cost of such improvement, and assess the same upon the property benefited by such improvement, in the manner described by the statute. (Sec. 24, art. 9, of the act of 1872, in relation to cities and villages.) And objector avers that the county court of McLean county that attempted to render the confirmation judgment in the matter of the alleged special tax assessments against the property of objector for paving Main street in front of his said property, never appointed any persons such commissioners, which was necessary to give the court jurisdiction in said proceedings, and hence the whole confirmation proceedings are null and void."

It will be seen that the objection affirmatively shows there was a judgment of confirmation by the county court of McLean county, but says that judgment was void because commissioners to make the assessment had not been previously appointed by said court. It does not allege that commissioners were not duly sworn to act in that proceeding, or that commissioners did not act therein as required by the statute in such cases, making and returning the required assessment roll to that court, and giving the prescribed notices of the term of court at which a final hearing on their assessment would be had. It must be presumed, therefore, against the pleader, that all these preliminary steps were taken in conformity with the requirements of the statute. Would the mere fact that the court had not formally appointed the three persons who acted, render all that they did absolutely void? Without such an appointment the proceeding would unquestionably be erroneous, but it was an irregularity which appellant should have urged against the judgment of confirmation, and the court, by its final judgment, having recognized the commissioners who acted as having been appointed, and treated their assessment roll as the assessment in the proceeding, we do not think it can be said there was a want of jurisdiction to confirm the same.

We are of the opinion, then, that appellant did not show, or offer to show, that there was not a judgment of confirmation, valid in this collateral proceeding, and conclusive upon him as to all matters affecting the legality of said tax which could have been urged by him against said confirmation.

The first and first additional objections filed are but conclusions, and, therefore, insufficient to raise any specific ground of objection to the rendering of said judgment. Without discussing the merits of the others as defenses in a proceeding to confirm the assessment, none of them can be availed of here, for the reasons already given. Appellant was estopped by the judgment of the county court from setting up either

of said defenses in this proceeding. It follows that the county court properly refused to call a jury to pass upon the facts alleged in either of the objections, and to hear evidence to support them. Each of the objections showing upon its face that it could not be interposed as a defense to the judgment applied for, nothing remained for the court to do but overrule them, and render judgment as it did. It goes without saying that no ground of reversal can be successfully urged here which was not raised by the objections below.

We find no reversible error in this record. The judgment of the county court will be affirmed.

*Judgment affirmed.*