## WILLIAM RIEBLING

### v.

## THE PEOPLE for use of the Columbia Levee and Drainage District.

*Filed at Mt. Vernon, April 4, 1893.*

1. SPECIAL ASSESSMENT—*bill to foreclose the lien—what questions may be raised thereunder.* On bill in equity to foreclose the liens of two or more special assessments made under the Drainage act of May 29, 1879, the judgment confirming the assessments is conclusive on the parties in interest, except for want of jurisdiction. The sufficiency of the petition for the levy of the assessments, after judgment of confirmation, can not be questioned, except on appeal or error to reverse such judgment. The statute makes such judgment conclusive as to the regularity of the prior proceedings.

APPEAL from the Circuit Court of Monroe County; the Hon. A. S. WILDERMAN, Judge, presiding.

Mr. WILLIAM WINKELMAN, for the appellant.

Messrs. TRAVOUS & WARNOCK, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill to foreclose a lien of two assessments made by The Columbia Drainage and Levee District No. 3, of Monroe county. One of the assessments was made in 1884 for drainage purposes, and the other in 1887 for levee purposes. The district was organized in 1882, under the Levee and Drainage act of May 29, 1879. In 1883 the district made its first assessment. On the 16th day of September, 1884, the commissioners presented to the County Court a petition praying for an additional assessment. The application was heard and the prayer of the petition granted, and a jury was empaneled to assess benefits and damages. The jury made the assessment and filed a report, which was confirmed by the County Court. On the 20th day of June, 1887, the commissioners presented to the County Court a petition praying for another assessment. The petition was heard and the prayer of the commissioners granted, and an order entered directing the commissioners to make the assessment. The commissioners, after having made the assessment, filed their report in court, which was confirmed by the court.

The defense interposed by appellant to the bill to foreclose was, that the petitions presented to the County Court in 1884 and 1887 were insufficient to confer jurisdiction on the County Court to order the additional assessments, and hence the orders are void. In an application for an additional assessment the statute has not declared what averments the petition shall contain, and in the view we take of the case it will not be necessary to determine whether the petitions contain every averment required by the technical rules of pleading, if the *sufficiency* of the petitions had been questioned in the County Court when presented, or on the application to confirm the judgment. Here the assess-

ments on the application of the commissioners of the Drainage District were ordered by the court. They were made in conformity to the statute, and, after due notice, a judgment of confirmation was rendered in the County Court, and now, on a bill to collect the assessment, a collateral attack is made, or attempted to be made, on the petition, to defeat the assessment. Under the uniform ruling of this court the position of appellant can not be sustained. One among the first cases on the question in this court was *People* v. *Brislin,* 80 Ill. 423. There the statute authorized the special assessment to be made on contiguous property, and on the application for judgment in the County Court for the amount of an assessment, the land owner resisted judgment on the ground that the property assessed was not contiguous; but the point was overruled, and in deciding the case it was said:

"But the point is pressed that this assessment is not on contiguous property. This question, and all others bringing up the levy and assessment, have been passed upon by the Circuit Court, and are *res adjudicata,* and can not now be made in this court. Upon these there is a judgment pronounced by a court of competent jurisdiction, and there they must rest."

In *Lehmer* v. *The People,* 80 Ill. 601, the statute authorized a special assessment to be made only for a *public* improvement. On the application to the County Court for a judgment the objection was made that the improvement was *private.* The court said:

"It is too late now to inquire into the nature of Parker's avenue, whether public or private. That objection should have been made when application for confirmation of the assessment was made, of which appellant had notice by publication."

In *Blake* v. *The People,* 109 Ill. 504, the question arose in a drainage case like the one under consideration, and it is there said: "All objections which could have been urged

at the time of the confirmation of the assessment roll, and which were not then urged, must be considered as waived, and can not be urged for the first time on application for sale of lands for a delinquent assessment.''

In *Gage* v. *Parker*, 103 Ill. 528, one objection to the assessment was that it was predicated on an insufficient ordinance. In disposing of the question it was said:

''If the assessment was illegal from the fact that it was based upon an insufficient ordinance, it was the duty of the complainant in the bill to appear before the County Court when the application was made to confirm the assessment, and there make the objection; but, as he failed to do so, this judgment of the County Court, when called in question collaterally, must be regarded as conclusive.''

See also *C. & N. W. Ry. Co.* v. *The People*, 120 Ill. 104, where it was held, on application for judgment against the lands for delinquent assessments, it can not be shown that the property was exempt or not benefited, or that the ordinance under which they were made was invalid.

There are many other cases in this court holding the same rule, but the rule is so well settled that it will not be necessary to cite them here. Indeed, section 34½ of the Drainage act speaks in no uncertain terms on the question. It declares ''* * * * * Collection of assessments shall not be defeated by reason of any omission, imperfection or defect in the organization of any district, or in any proceedings occurring prior to the judgment of the court, confirming the assessments of benefits and damages; but such judgment shall be conclusive that all prior proceedings were regular and according to law.''

If the petitions were insufficient to authorize the court to order the assessments, the appellant had ample opportunity to present that question, or any other which called in question the regularity of the proceedings, when application was made to confirm the judgment, and having failed to appear and contest when he had the right to do so, the judg-

ment of confirmation concludes him. It has been suggested that the proceedings in the County Court were void, on account of the alleged defective petitions. This is a misapprehension of the question. A bill in equity upon which a decree may be rendered, or a declaration upon which a judgment may be entered, may be defective, but a judgment rendered on such a defective bill or declaration is not void. It may be erroneous, and might be reversed on appeal or writ of error, but where the court has jurisdiction of the person and subject matter, the judgment, when called in question collaterally, will be held conclusive. We perceive no error in the decree, and it will be affirmed.

*Affirmed.*