## WILLIAM M. DERBY

*v.*

## THE WEST CHICAGO PARK COMMISSIONERS.

*Filed at Ottawa October 29, 1894.*

1. PUBLIC IMPROVEMENT—*special assessment—failure of property owner to appear.* The failure of a property owner to appear before the court upon the confirmation of an assessment for public improvements, in obedience to a notice published in that behalf, will not prevent him from complaining of the acts done prior to such confirmation.

2. SAME—*act of June 16, 1871, does not apply to direct proceeding.* The provision of section 3 of the act of June 16, 1871, that the order shall be conclusive of the regularity of all previous proceedings and all matters and things recited as having been adjudged, does not apply to a direct proceeding by appeal or writ of error. *Schertz* v. *People,* 105 Ill. 27, *Gage* v. *Parker,* 103 id. 528, *Chicago and Northwestern Railway Co.* v. *People,* 120 id. 104, *Kedzie* v. *Park Comrs.* 114 id. 280, and *LeMoyne* v. *Park Comrs.* 116 id. 41, distinguished and explained.

3. SAME—*statutory provision for notice to property owners confers a substantial right.* The provision of the statute for notice to property owners of the time and place of meeting of corporate authorities for the purpose of making an assessment for a public improvement, and that all parties interested may appear and be heard touching any matters connected with the assessment, confers upon such property owners a substantial right.

4. SAME—*special assessment made before meeting, invalid.* Confirmation of an assessment for a public improvement will be reversed, when based upon a petition plainly showing upon its face that the assessment was in fact made before the meeting of the corporate authorities for the purpose of making the assessment, at which the statute provides that any person interested may be heard touching any matter connected with the assessment.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. JACOB FOUKE, Judge, presiding.

WILSON, MOORE & MCILVAINE, for plaintiff in error.

FRANCIS A. RIDDLE, for defendants in error.

BAKER, J.: The judgment to which this writ of error runs is a confirmation of a special assessment upon property of William M. Derby, plaintiff in error, levied by the

West Chicago Park Commissioners, for the improvement of portions of Warren avenue, West Washington street and West Fortieth street, in the city of Chicago, as a boulevard or driveway. For the improvement the property of plaintiff in error was assessed $53,910.14.

It is alleged in the petition of the park commissioners that these portions of streets were turned over by ordinance of the city council of the city of Chicago, pursuant to the statute of April 9, 1879. It is also alleged in the petition that said portions of streets were selected and taken by the commissioners for the purpose of making a continuous boulevard or driveway between the center line of West Fifty-second street and the western line of Garfield Park. It also appears from the petition that the commissioners thereafter elected to improve said portions of streets as such boulevard or driveway, and to pay the cost thereof by a special assessment, and adopted an ordinance to that effect. The assessment that was made by virtue of that ordinance is the assessment that is here in controversy.

The petition and the assessment roll found in this record were filed in the circuit court of Cook county on the 16th day of June, 1892, and on the 28th day of June, 1892, the assessment was confirmed. The notice that was given by the park commissioners of the application for a confirmation of the assessment was in conformity with the requirements of the statute under which the proceeding seems to have been prosecuted. Plaintiff in error did not appear before the court upon the hearing of the application for a confirmation of the assessment, and no objections thereto were filed either by him or in his behalf.

It appears from the petition that the proceedings were had in pursuance of an act entitled "An act to enable corporate authorities of two or more towns, for park purposes, to issue bonds in renewal of bonds heretofore issued by them, and to provide for the payment of the

same; to make, revise and collect a special assessment on contiguous property for benefits by reason of the location of the parks and boulevards, and to make necessary changes in their location," approved June 16, 1871, and in force July 1, 1871, (Laws of 1871-72, p. 579; 2 Starr & Curtis' Stat. chap. 105, p. 1695;) and in pursuance of an act entitled "An act to enable park commissioners or corporate authorities to take, regulate, control and improve public streets leading to public parks, to pay for the improvement thereof, and in that behalf to make and collect a special assessment or special tax on contiguous property," approved and in force April 9, 1879.   Laws of 1879, p. 216; 2 Starr & Curtis' Stat. p. 1715.

It is provided in section 3 of said act of 1871, among other things, as follows : "The said corporate authorities shall give at least ten days' notice in one or more newspapers published in the county in which such towns are situated, of the time and place of their meeting for the purpose of making said assessment, and may adjourn such meeting from time to time until the same shall be completed.   *   *   *   All parties interested may appear before said corporate authorities, and may be heard touching any matters connected with the assessment.   When the same shall be completed it shall be signed by the said corporate authorities, or by a majority thereof, and returned to the circuit court of the county in which such towns are situated, and filed with the clerk of said court."

The petition shows that at a meeting of the park commissioners held May 17, 1892, an order was entered directing their secretary to prepare and publish an advertisement, according to law, that on the 14th day of June, 1892, at four o'clock P. M., at the office of the commissioners, they would meet to make an estimate of the probable cost of the said boulevard improvement, and also to make a special assessment to pay such estimated cost on contiguous property abutting on those portions of Warren avenue, West Fortieth street and West Wash-

ington street above mentioned; that thereupon notice was given and published in the *Inter-Ocean*, a newspaper published in the city of Chicago, in said Cook county, which was published eleven times, from the 4th day of June, 1892, to the 14th day of June, 1892, which gave notice that on the *24th* day of June, 1892, at four o'clock in the afternoon, a meeting of the West Chicago Park Commissioners would be held for the purpose of estimating the probable cost of the improvement so ordered, and for making a special assessment upon contiguous property abutting on said streets, to pay the cost so to be estimated of making the improvement so ordered. The petition further recites, that the commissioners, "in pursuance of the public notice above herein exhibited and set forth, * * * did hold a regular meeting on the *14th* day of June, A. D. 1892, at four o'clock in the afternoon of said day, * * * for the purpose of estimating the probable cost of making a certain boulevard improvement on said streets," etc., "and for making a special assessment to pay the said estimated cost of such improvement, and the cost and expense of making and collecting such special assessment." It is further alleged in the petition that the commissioners did, on the 14th day of June, 1892, proceed to estimate the cost of said improvement, and to make an assessment upon the contiguous property to pay the same, which assessment was returned to the circuit court and filed with the petition on June 16, as above mentioned.

In the petition there are numerous allegations made by the park commissioners which show that the various steps taken by them in the matter of the assessment were taken on the 14th day of June, A. D. 1892. It is thus shown, on the face of the petition, that the estimate of cost and the assessment, and the assessment roll, with its valuations and detailed figures, were all made on the 14th day of June,—ten days before the day which was fixed in their published notice for that purpose,—and

that on the 16th day of June the petition and roll were filed in the circuit court, and notice published that an application would be made to confirm the same, although it was still eight days prior to the time when, by the published notice, the assessment should have been made. In other words, the estimate of costs and the assessment, and all the proceedings in the case had before the commissioners, were made and taken without any notice whatever to the parties interested, and without any opportunity for them to appear before the park commissioners, as the statute expressly and in terms provides.

The claim made by plaintiff in error that the petition is not sufficient to sustain a judgment of confirmation, and that the facts set up therein show that the judgment at bar was unauthorized, is based upon the matters that we have above set forth.

The claim of defendants in error is, that by virtue of their filing their petition and application in the circuit court for a confirmation of the assessment, and publishing the notice required by the statute of June 16, 1871, of the filing of said petition and of the intended application for an order of confirmation by such court, the court obtained and had unquestioned jurisdiction to hear and determine every question that might be raised upon the hearing of such petition and application; that section 3 of the statute provides that "when it shall appear to said court that proper notice has been given, it shall have power to hear, adjudge and determine the matter of said application and all matters connected therewith;" that said section also provides that "said court shall have power to revise, correct, amend and confirm the said assessment in whole or in part, and may, without further notice or order, make a new assessment in whole or in part, and the same confirm, or may order a new assessment to be made in whole or in part, and the same may revise, correct, amend and confirm upon like notice as aforesaid or upon such notice as it may prescribe," and that plaintiff

in error having failed to appear in the circuit court in obedience to the notice published in that behalf, he must be held to be concluded by and estopped from complaining of any act or thing done by the West Chicago Park Commissioners, prior to the day of confirmation, respecting the assessment in question.

In our opinion the authorities cited in that behalf do not sustain this latter proposition. In *Schertz* v. *People ex rel.* 105 Ill. 27, it was held that if, upon an application for the confirmation of a special assessment, the court has jurisdiction to render the judgment of confirmation, such judgment will, on a subsequent application for a judgment and order for sale of the premises, conclude the land owner from questioning any of the proceedings had prior thereto, but that if the proceedings anterior to the judgment confirming the assessment were so defective as not to authorize the court to act at all upon the question of confirmation, then objections to those proceedings may be made upon an application for judgment and order of sale, as well as at any other time. The appeal in the *Schertz case* was from a judgment and order of sale, yet even there the court examined the proceedings in the case anterior to the order confirming the assessment, but found that they conformed substantially to the requirements of the statute. And this case is very different from the *Schertz case*. This writ of error does not run to a subsequent application for a judgment and order of sale, but is a direct proceeding to review the judgment of confirmation of the assessment. *Gage* v. *Parker*, 103 Ill. 528, was a suit in chancery, and it was held therein that a party, by suffering judgment of confirmation of a special assessment upon his property in a court of record, is estopped, in a collateral proceeding, from showing the illegality of such assessment. In *Chicago and Northwestern Railway Co.* v. *People ex rel.* 120 Ill. 104, it was held, as it had theretofore been held in numerous prior cases, that on application for judgment against land for delinquent

assessments it cannot be shown that the property was not benefited or the ordinance invalid; that such matters, after the judgment of confirmation, become *res judicata.* *Kedzie et al.* v. *West Chicago Park Comrs.* 114 Ill. 280, was a collateral attack upon the judgment of confirmation by a bill in chancery. *LeMoyne et al.* v. *West Chicago Park Comrs.* 116 Ill. 41, was under a special statute, (1 Private Laws of 1869, 349-355,) and it was provided therein that "the said confirmation shall be conclusive upon all parties interested, except such as shall have made their objections in writing, as aforesaid." There is no such provision in either of the statutes here involved. Section 3 of the act of June 16, 1871, contains a provision, that "the orders of said court shall be conclusive evidence of the regularity of all previous proceedings necessary to the validity thereof, and of all matters and things therein recited as having been heard and adjudged by said court." But, as matter of course, this provision is intended to have, and can have, no application or force in a direct proceeding, by appeal or writ of error, to reverse the orders of the court and judgment of confirmation.

It must be presumed when the legislature provided that the corporate authorities shall give at least ten days' notice in one or more newspapers published in the county, of the time and place of the meeting of such corporate authorities for the purpose of making the assessment, and further provided that all parties interested may appear before said corporate authorities and may be heard touching any matters connected with the assessment, that it was intended to confer upon the property owners affected a substantial statutory right. It is not to be supposed that it was the legislative intention that this provision giving such property owners a right to be heard before the corporate authorities upon whom was devolved the duty of making the assessment, might be wholly disregarded by such authorities, at their option, and it is manifest from the record before us that in the

case at bar plaintiff in error was unlawfully deprived of the substantial and statutory right in question. The petition and the assessment roll were filed in the court and the statutory notice of the proceedings in the court was given. The court, therefore, was not wholly without jurisdiction in the premises, and the judgment of confirmation was not absolutely void, and probably not vulnerable in a collateral attack. But here, in this direct proceeding to review by writ of error the judgment of confirmation, which is based upon a petition that plainly shows upon its face that the essential statutory requirements have not been observed in making the assessment, we cannot do otherwise than hold that there is reversible error.

Other grounds of objection are urged to the judgment of confirmation, but it is not necessary to here consider them.

For the error above indicated the judgment of confirmation is, as to plaintiff in error and as to his lands, reversed.

*Judgment reversed.*