JOHN D. KEDZIE *et al.*

*v.*

THE WEST CHICAGO PARK COMMISSIONERS.

*Filed at Ottawa June 13, 1885.*

1. PARK COMMISSIONERS—*power to levy special assessments.* The West Chicago Park Commissioners are a *quasi* public corporation for park purposes, and as such have the power to take steps to cause property benefited by the establishment of a boulevard, to be specially assessed for the cost of the same.

2. SAME—*effect of the act of 1873, as granting new powers, and of the mode of procedure under the several acts on the subject.* Section 12 of the act entitled "An act in regard to the completion, improvement and management of public parks and boulevards, and to provide a more efficient

remedy for the collection of delinquent assessments," approved May 2, 1873, relates to a new and entirely different subject matter not provided in the original act relating to the West Chicago Park Commissioners, and invests them with powers they did not before have.

3. The language of that section, to the effect that the cost and expense of acquiring title to land for a connecting boulevard or pleasure way "shall be levied upon, and collected by special assessment upon, the property deemed specially benefited by the location of such boulevard or pleasure way, in the same manner as the cost of other lands for parks and boulevards is assessed, under the several acts creating such boards," means that the same shall be done by and through the same agencies or instrumentalities as were provided in such former acts. Section 4 of the act of May 2, 1873, does not compel action in pursuance of its terms in a proceeding under section 12, and does not repeal section 13 of the act of February 27, 1869.

4. FORMER ADJUDICATION—*as to judgment of confirmation of special assessment.* Where a court has jurisdiction of the subject matter and the persons whose property is assessed, and power to adjudicate upon an application to confirm a special assessment, its judgment of confirmation will be conclusive upon all questions and objections that might have been interposed before judgment, and such questions can not be raised by a bill in chancery seeking to enjoin the collection of the assessment.

5. PLEADING IN CHANCERY—*allegation of want of notice of application for confirmation in a proceeding for special assessment.* An allegation in a bill seeking to enjoin proceedings for the collection of special assessments for park purposes, that "complainants are advised and believe, and therefore charge the fact to be, that no sufficient notice of the application for confirmation of said assessment was given," is but the statement of a conclusion of law. If a notice was given, the legality of which is denied, it should be specifically set out, that it may be seen whether it conforms with the requirement of the law.

APPEAL from the Circuit Court of Cook county; the Hon. T. A. MORAN, Judge, presiding.

Messrs. HUTCHINSON & LUFF, with whom were Messrs. JUDD & WHITEHOUSE, for the appellants :

The assessment is void, and the court had no jurisdiction to enter the order of confirmation, because the commissioners had no authority to make the assessment, which should have been made by the corporate authorities designated in section 4 of the act of May 2, 1873. Hurd's Stat. 1881, chap. 105, p. 772.

Section 4 of the act of May 2, 1873, provides, that the town supervisor, clerk and assessor of such town be and they are hereby designated and constituted the corporate authorities of such town, and they, or a majority of them, may levy the tax or any assessments herein authorized. It is under the 12th section of the same act that the park commissioners claim their authority to establish the boulevard. The commissioners having no authority to levy the assessment, it is void, and the court will enjoin. *McConkey* v. *Smith,* 73 Ill. 313; *Munson* v. *Miller,* 66 id. 380; *Bank of Shawneetown* v. *Cook,* 77 id. 622.

No action was ever taken by any official to ascertain whether the lands in West Chicago would be specially benefited to the amount of said assessment; and the assessment was not made according to benefits, but according to value, and is therefore in violation of the constitutional rule requiring uniformity of benefit and burden. *Greeley* v. *People,* 60 Ill. 19; *Crawford* v. *People,* 82 id. 557; *White* v. *People,* 94 id. 604; *Craw* v. *Tolono,* 96 id. 255; *Chicago* v. *Baer,* 41 id. 306; *Warren* v. *Grand Haven,* 30 Mich. 24; *Marsh* v. *Supervisors,* 42 Wis. 502; *Scofield* v. *Lansing,* 17 Mich. 437; 2 Desty on Taxation, 643.

The assessment being void, there was nothing to be confirmed by the circuit court, and appellants were not bound to appear and object to a confirmation. *Marsh* v. *Supervisors,* 42 Wis. 502; *Lyman* v. *People,* 2 Bradw. 289.

Equity will enjoin the collection of the assessment for want of authority to make the same. *Town of Lebanon* v. *Railroad Co.* 77 Ill. 539; *Bank* v. *Cook,* id. 622.

The assessment under consideration is in no sense a special assessment, and therefore was made without any authority of law, and the court will enjoin. *Nunda* v. *Chrystal Lake,* 79 Ill. 311; *Ramsey* v. *Hoeger,* 76 id. 432; *Kimball* v. *Trust Co.* 89 id. 611; 2 Desty on Taxation, 669; Pomeroy's Equity, secs. 260, 268-270, 273; *Scofield* v. *Lansing,* 17 Mich. 437.

Mr. GEORGE W. SMITH, and Mr. WILLIAM E. MASON, for the appellees:

This is a collateral attack upon a judgment at law of the circuit court. Therein it differs from the ordinary case of a bill to enjoin a tax in the course of collection. But even if there were no judgment, the bill fails to state a case of equitable cognizance. *Du Page County* v. *Jenks*, 65 Ill. 275; *Railroad Co.* v. *Johnson*, 108 id. 11.

The assessing authority is the board of park commissioners. Act of 1873, sec. 12; *Park Commissioners* v. *Telegraph Co.* 103 Ill. 103.

The word "may," in the 4th section, does not mean "must." *Kane* v. *Footh*, 70 Ill. 587.

The rule of section 12 must be followed. *Mix* v. *Rose*, 57 Ill. 121.

The assessment was not fraudulent. *Gage* v. *Evans*, 90 Ill. 569.

The rule as to the prevention of multiplicity of suits has no application. *Du Page County* v. *Jenks*, 65 Ill. 275.

Every question which the bill seeks to raise is *res judicata.* *People* v. *Brislin*, 80 Ill. 423; *Andrews* v. *People*, 84 id. 24; 83 id. 529; *Gage* v. *Parker*, 103 id. 528.

Per CURIAM: Circumstances that were unavoidable have prevented the preparation and filing of an opinion in this case at an earlier day. We are notified by counsel that longer delay in announcing a decision will be highly prejudicial to the rights of the parties, and at their earnest solicitation we have suspended the current business of the June term long enough to dispose of the case. But, in consequence of the many duties pressing upon us, arising from the holding of daily sessions, we are constrained to be content with announcing the conclusions we have reached upon the questions discussed in the arguments submitted, without setting forth, at length, the reasons which have induced those conclusions. We hold—

*First*—That the West Chicago Park Commissioners are a *quasi* municipal corporation for park purposes, and that they have power to take the steps to cause the property to be specially assessed for the cost of the boulevard, that were here taken by them.

*Second*—Section 12 of the act in regard to the completion, improvement and management of public parks and boulevards, and to provide a more efficient remedy for the collection of delinquent assessments, approved May 2, 1873, (Rev. Stat. 1874, p. 747,) relates to a new and entirely different subject matter,—one not provided for in the original act relating to the West Chicago park,—and invests the West Chicago Park Commissioners with a power they did not before have. The language therein, "and the cost and expense of acquiring title to such land shall be levied upon, and collected by special assessment upon, the property deemed specially benefited by the location of such boulevard or pleasure way, *in the same manner* as the cost of other lands for parks and boulevards is assessed, under the several acts creating such boards," means that the same shall be done *by and through the same* agencies or instrumentalities, and so, as applied to the present case, by and through the agencies or instrumentalities provided by section 13 of the act of February 27, 1869, creating these commissioners. We do not think section 4 of the act of May 2, 1873, compelled action in this proceeding pursuant to its terms, and we hold section 13, *supra*, unrepealed and in full force.

*Third*—We hold that the several steps taken in this special assessment anterior to the action of the circuit court, invested that court with jurisdiction in the proceeding, to reject, revise, amend or confirm the special assessment, in whole or in part, and to make or order a new assessment, in whole or in part, and to revise and confirm the same. The allegation in the bill that "complainants are advised and believe, and therefore charge the fact to be, that no legal or sufficient notice of the

application for confirmation of said assessment was given," is but the statement of a conclusion of law. If no notice was given, that is a fact, and should have been stated. But if a notice was given the legality of which is denied, a question of law is raised, and the notice given should be specifically set out, in order that it may be seen whether it conforms to the requirement of the law.

*Fourth*—Assuming, as we do, that on the application for confirmation the circuit court had jurisdiction both as respects the person and the subject matter, and hence had power to adjudicate, we hold that no question that could have been there raised can be heard upon bill in chancery to enjoin.

These conclusions lead to an affirmance of the decree below, which is accordingly adjudged.

*Decree affirmed.*