## WEST CHICAGO PARK COMMISSIONERS ET AL.

### v.

## JOHN BRENOCK.

1. PARK COMMISSIONERS.—By an exception in the act of 1869 creating the West Chicago Park Commissioners, the commissioner who for the time being should be president of the board might have such compensation as president as the board in its discretion should fix, not to exceed $4,000. By the general act of 1871 it is declared that no park commissioner shall receive any salary as compensation for personal services. *Held,* that as the latter provision is utterly repugnant to the exception in the former act, the law of 1871 abrogates the act of 1869, as regards the discretion as to president's salary given to the board in the act of 1869.

2. ACT OF 1873.—The act of 1873, repealing *in toto* the act of 1871, did not restore to the board the discretion vested in it by the act of 1869. (Act of 1873, § 14.) No act or part of an act repealed by the general assembly shall be deemed to be revived by the repeal of the repealing act.

ERROR to the Circuit Court of Cook county; the Hon. MURRAY F. TULEY, Judge, presiding. Opinion filed May 5, 1886.

Mr. WM. E. MASON and Mr. J. D. ADAIR, for plaintiffs in error; that the act of 1871, being a general law, does not repeal the prior special law, cited Town of Ottawa v. La Salle Co., 12 Ill. 339; City of Covington v. East St. Louis, 78 Ill. 549; Litchfield Co. v. Taylor, 81 Ill. 590; Gunnarsshon v. City of Sterling, 92 Ill. 569; Wragg v. Penn Township, 94 Ill. 11.

The acts of 1869 and 1871 are affirmative statutes, the one relating, on the point here raised, to the compensation of the board as such, *except as to one of its officials;* the latter, to the board as such, and is silent as to its officials. Hence, while by both statutes the board, as such, could receive no compensation, the authority it possessed by the original act, to vote, in its discretion, a salary to its president, was in no manner affected by the act of 1871: Brice v. Schuyler, 4 G. 221; Harding v. R., R. I. & St. L. R. R. Co., 65 Ill. 90; Fowler v. Pirkins, 77 Ill. 271; Wragg v. Penn Town, 94 Ib. 11.

Mr. GEORGE H. SMITH, for defendant in error; cited Day
v. Clinton, 6 Bradwell, 476; Tuley's Laws and Ordinances
1873, 611; W. C. P. Com'rs v. W. U. T. Co., 103 Ill. 33;
Kedzie v. W. C. P. Com'rs, 114 Ill. 280.

MORAN, J.   On a bill filed by the defendant in error, the
circuit court entered a decree restraining the West Chicago
Park Commissioners from paying, and Harvey M. Thompson,
as its president, from receiving, the sum of twenty-five hun-
dred dollars, voted by said board to said Thompson as a salary
as president of the board.

The entering of said decree is assigned for error, and the
question presented is, whether said West Chicago Park Com-
missioners had authority to vote a salary to the president of
said board.   o

The act creating the Board of West Chicago Park Com-
missioners provides, among other things, that "The said
commissioners shall receive no compensation for their services,
except the president, who may, in the discretion of said board,
have and receive such compensation as may be fixed, as herein-
after provided, not to exceed four thousand dollars per an-
num." R. L. 1869, Vol. 1, p. 342.

In 1871 the legislature passed an act entitled "An act to
enable corporate authorities of towns to levy a tax to improve
public parks and boulevards, and to provide for the extension
of boulevards, and regulating the duties of park commission-
ers *and limiting the period within which they may be paid
salaries.*"

Sec. 7 of said act declared: "No park commissioner shall
receive any salary for personal services, or be directly or indi-
rectly interested in the purchase or sale of park lands or park
bonds, and all transactions in violation of this section shall be
null and void, and the commissioner so offending shall forfeit
his office  *  *  *  *  provided, that the provisions of this
section shall not take effect until December thirty-first, eigh-
teen hundred and seventy-two."

The contention of counsel for plaintiff in error is, that the
act creating the West Park Board was a special act; that the

act of 1871 is a general act, and that the discretion given to the board in the special law, to allow the president a salary, will not be repealed by implication, by a general law.

While the act of 1871 is in terms general, it affects, by its provisions, the corporations and persons to whom by its terms it is made applicable.

The West Chicago Park Commission is a *quasi* municipal corporation and the Supreme Court has decided that it was described by the definition of the class which the legislation was to affect. West Chicago Park Commissioners v. W. U. T. Co., 103 Ill. 33; Kedzie v. W. C. P. Comm'rs, 114 Ill. 280.

That repeals by implication are not favored is true; and when there is room to so construct the acts that the two may stand, it will be done. But when there is a positive repugnancy between the latter and former act, the law must be found in the last and the prior must be held to be repealed.

By the exception in the act of 1869, the commissioner who for the time being should be president of the board, might have such compensation as president, as the board in its discretion should fix, not to exceed four thousand dollars.

By the act of 1871 it is declared that no park commissioner shall receive any salary as compensation for personal services.

These two provisions relate to the same subject, *i. e.*, compensation or salary of commissioners.

The latter provision is utterly repugnant to the exception in the former act. By no reasonable construction can the acts be reconciled, so as to leave in the board the discretion as to a salary for the president, which was given in the first act, and it must be held that to that extent it was the intention of the legislature, by the law of 1871, to abrogate the act of 1869.

In 1873 the legislature passed another act which, by description of the class intended to be included within its provisions, was by the same language as that used in the law of 1871 made applicable to the West Chicago Park Commissioners.

By it the act of 1871 is repealed *in toto*, and it declares in Sec. 14, "No member of such board of park commissioners shall be directly or indirectly interested in the purchase or sale of any park lands, or in any contract for the improvement

of any park, or shall receive any compensation for personal services, except such and only such as provided by the act creating such board of park commissioners."

The foregoing section had not the effect of restoring to the board the discretion vested in it by the act of 1869 : " No act or part of an act repealed by the general assembly shall be deemed to be revived by the repeal of the repealing act." R. S. Chap. 131, Sec. 3 ; Day v. Clinton, 6 Bradwell, 476.

It must therefore be concluded, that the Board of West Chicago Park Commissioners had no authority to vote or pay to the president of said board any salary or compensation, and the decree of the circuit court restraining the payment of such salary must be affirmed.

Affirmed.