THE PEOPLE *ex rel.* S. B. Raymond, County Treasurer,

*v.*

ISABELLE H. W. FULLER.

*Opinion filed October 26, 1903.*

SPECIAL ASSESSMENTS—*defense of former existing judgment cannot be made on an application for sale.* A former judgment confirming a special assessment for the same improvement under a previous ordinance afterwards repealed, may be urged as a defense to the confirmation of an assessment under a second ordinance but can not be pleaded in bar to an application for judgment of sale.

APPEAL from the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

This is an application on the part of the *ex officio* county collector of Cook county for a judgment of sale for a delinquent special assessment for a water supply pipe in Michigan avenue, from One Hundred and Third street to a point 568 feet south-westerly of One Hundred and Fourth street, warrant No. 25,906, docket No. 24,739, confirmed March 14, 1901. The application of the county collector was in the usual and proper form, no point being made upon the form of the application.

The objections of Isabelle H. W. Fuller, by Samuel J. Howe, her attorney, contain the following points: First, that the county court of Cook county has no jurisdiction of the person or the subject matter in rendering the judgment (of confirmation) upon which warrant 25,906 is predicated; second, that said judgment of confirmation is, and always has been, void; third, that prior to the said entry of judgment of confirmation of the assessment on which the said warrant is predicated, the county court heard and determined and entered judgment against the lands of the objector for the supposed benefits that would accrue to her lands by the making of the proposed improvement, which said judgment was not vacated during the term at which the same was rendered, and never has been vacated with the objector's consent.

The usual *prima facie* proof was offered without objection, no point being made in the court below or being preserved by assignment of error herein, or otherwise, in regard to the petitioner's *prima facie* case.

On behalf of respondent a stipulation was read in evidence, as follows:

"It is hereby stipulated and agreed that on the hearing of the above objections of Isabelle H. W. Fuller, the following shall be taken as and for an agreed statement of facts in this case:

"*First*—A judgment of confirmation of a special assessment against the following described property of said objector, Isabelle H. W. Fuller, was entered by the county court of Cook county, by default, on March 14, 1901, after due statutory notice and publication and due *prima facie* proof in cause docket No. 24,739, and judgment of confirmation was for the amounts and against the property hereinafter described, to-wit: (Schedule here set out.)

"*Second*—The judgment of confirmation of the foregoing assessment has never been vacated, appealed from, reversed, stayed or otherwise affected by any proceedings in the said cause, and still stands, so far as the

record in said cause is concerned, as an apparently valid judgment of confirmation for said amounts and against the said land of said objector.

"*Third*—The foregoing assessment case No. 24,739 is the one for which application for judgment for sale for delinquent specials is herein sought, and it is stipulated and agreed that all due and proper steps have been taken to entitle the relator to judgment for sale against said lots for said amounts, unless the facts hereinafter stated constitute a valid defense to such application.

"*Fourth*—A judgment for the confirmation of an assessment for the same improvement against the same lands was entered prior to entry of the above mentioned judgment of confirmation for the confirmation thereof in docket No. 23,281, in which proceeding the said objections were overruled and judgment of confirmation was duly entered on May 9, 1899.

"*Fifth*—That afterwards, to-wit, on the 31st day of March, 1900, all judgments of confirmation previously entered in said cause (23,281) were vacated and set aside and the petition for confirmation of said assessment dismissed, for the reason that the ordinance for the aforesaid improvement was repealed by the city council.

"*Sixth*—The judgment now sought to be enforced by judgment of sale was rendered in the proceeding (case 24,739) above referred to, which said proceeding was instituted after the dismissal of said former proceeding, and the improvement in question was made pursuant to the ordinance and judgment of confirmation in said last mentioned case.

"*Seventh*—No objections were filed by this objector to the application for confirmation of said second assessment proceeding, to-wit, docket No. 24,739.

"The sole question sought to be presented to the court is whether or not the defense of a former judgment can be heard at the application for judgment for sale upon said second assessment."

Upon this stipulation of facts the court sustained the objections and entered an order refusing judgment of sale. The foregoing decision of the court in sustaining said objection and refusing judgment and order of sale is the sole error relied upon for reversal.

EDGAR BRONSON TOLMAN, (CHARLES M. WALKER, of counsel,) for appellant.

SAMUEL J. HOWE, for appellee.

Mr. JUSTICE RICKS delivered the opinion of the court:

The sole question here presented is whether or not a former judgment confirming a special assessment for the same improvement under a previous and repealed ordinance can be pleaded in bar on an application for a judgment of sale under a second ordinance. This court has held in a number of cases that on the application for judgment of confirmation of an assessment a former judgment of confirmation under a former valid ordinance could be interposed. (*People* v. *McWethy*, 165 Ill. 222; *McChesney* v. *City of Chicago*, 161 id. 110; *City of Chicago* v. *Nicholes*, 192 id. 489.) It has also been held that if the former judgment of confirmation sought to be interposed was based upon a void ordinance, and on account of the invalidity of which the void ordinance had been rescinded or repealed and the judgment of confirmation thereunder set aside at a subsequent term of court to that of its rendition, such judgment would not be a defense to the application for confirmation under a valid ordinance. (*Gage* v. *City of Chicago*, 193 Ill. 108; *City of Chicago* v. *Nodeck*, 202 id. 257.) These cases seem to establish the rule that the proper time to urge in defense a former judgment for an assessment for the same improvement is at the time of the application for confirmation of the new assessment.

That the defense here sought to be interposed should have been made at the application for confirmation of the assessment would seem to be the natural deduction

from the provisions of the statute in relation to special assessments for local improvements. Section 48 of the act (Hurd's Stat. 1899, p. 373,) provides for the hearing of certain specified objections upon that application, and then concludes, "together with all other questions arising in such proceeding," and by the provisions of the act all objections so made, except those relating to the benefits to property, are to be heard and determined by the court without a jury. The hearing at the confirmation is the only hearing to be had prior to application for judgment for sale for delinquencies of property owners in the payment of the special tax or assessment. And relative to this latter proceeding, and regulating the practice at such latter hearing, section 66 of the act provides: "No defense or objection shall be made or heard which might have been interposed in the proceedings for the making of such assessment, or the application for the confirmation thereof, and no errors in the proceeding to confirm, not affecting the power of the court to entertain and consider the petition therefor, shall be deemed a defense to the application herein provided for."

The practice is well settled, then, that the defense here urged and held sufficient by the county court was such a one as could and should have been heard at the application for confirmation of the assessment. It was not a matter that had arisen since the confirmation, but existed at the time the judgment of confirmation was had, and could have then, if at all, been successfully made, and had the court refused to entertain it, or had an erroneous judgment been entered upon such defense or objection, the same could have been reviewed by this court; and we think, under the express provisions of section 66 above quoted, appellee was precluded from urging the defense now made to the application for judgment for sale. We think *Gross* v. *People*, 193 Ill. 260, applicable to and decisive of this point. Such a defense is a collateral attack upon the original judgment of confirmation.

*People* v. *Green,* 158 Ill. 594; *Clark* v. *People,* 146 id. 348; *Casey* v. *People,* 165 id. 49; *People* v. *Lingle,* id. 65; *Leitch* v. *People,* 183 id. 569; *Pipher* v. *People,* 183 id. 436.

In *Leitch* v. *People, supra,* after noting the provision of section 66 of the Local Improvement act, *supra,* we said (p. 570): "Upon the application to confirm the assessment appellant had the undoubted right to appear in the county court and call in question the validity of the petition presented to the board of local improvements, and as he was notified as required by law, it was his duty to appear and make objection if he desired to contest the validity of the proceedings, but as he failed to appear on application to confirm, under the plain language of the statute he is concluded from calling in question any of the proceedings anterior to the judgment of confirmation, except the jurisdiction of the court rendering the judgment. Indeed, it has been held in a number of cases that on an application to confirm the assessment, if the court has jurisdiction to render the judgment the judgment will be conclusive on the land owner, and he can not call in question the regularity of the proceedings prior to the judgment on a subsequent application for judgment and sale." In the case at bar there is no question as to the regularity of the proceedings or of proper notice to the appellee. The court had jurisdiction of the subject matter and the person, and the plea that is now sought to be interposed was one that could have then been urged as a bar to the proceeding.

In *Pipher* v. *People, supra,* we said (p. 437): "A judgment confirming a special assessment is not open to collateral attack on grounds not affecting the jurisdiction of the court which pronounced it, and unless a want of jurisdiction is shown the judgment of confirmation is binding upon all concerned. (*Doremus* v. *People,* 161 Ill. 26.) Objections to the validity of such a judgment, when interposed in a proceeding like this for a judgment and order of sale of delinquent property, constitute such col-

lateral attack on the judgment of confirmation.   In the case of ordinary taxes there is no judicial hearing prior to the application for judgment and order of sale, but in the case of a special assessment the law provides for such a hearing when the officer authorized to spread the assessment has done so and the assessment roll is returned to the court.   Before the owner is concluded, notice must be given as provided by the statute, and he may have a trial by the court of any legal objection to the assessment, and by a jury of the justice of the amount assessed against his property.   The assessment may be modified, set aside, changed or confirmed, but when the court has acquired jurisdiction its judgment cannot be attacked collaterally."   In the same case it is there further said that this is not only the rule based on general principles, but because of the express provision of section 66 of the Local Improvement act.

We think it the settled practice in this State in this class of proceedings that the defense here urged must be made at the time of the application for confirmation of the assessment, and that at any other stage in the proceedings such defense comes too late.   It is important to all concerned that the validity of special assessments should be settled in this preliminary hearing, and the case at bar may well be considered as illustrating the necessity and wisdom of the application of such a rule. On the faith of such judgment of confirmation contracts were let and the work and improvement made pursuant to the ordinance, and to leave the questions open that might and should have been settled on the application for confirmation and allow them to be urged against the judgment for sale, is to make that uncertain which the legislature evidently intended should be certain and a protection to all persons acting on the faith thereof.

The judgment of the county court of Cook county is reversed and the cause remanded to that court, with directions to enter a judgment for sale.

*Reversed and remanded.*