E. R. WAGG *et al.*

*v.*

THE PEOPLE *ex rel.* John J. Hanberg, County Treasurer.

*Opinion filed December 20, 1905.*

SPECIAL ASSESSMENTS—*what defense not available on application for a judgment of sale.* Pendency of the original assessment proceeding at the time a new assessment was confirmed is a defense which should be interposed in the proceeding to confirm the new assessment, and comes too late when urged as a defense to the application for judgment of sale for the new assessment.

APPEAL from the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

218—22

GEORGE W. WILBUR, and IRA J. GEER, for appellants.

ROBERT REDFIELD, and FRANK JOHNSTON, Jr., (JAMES H. LEWIS, Corporation Counsel, of counsel,) for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

At the June term, 1905, of the county court of Cook county, the appellee, as *ex officio* county collector, made application for judgment and order of sale against appellants' property for delinquent special assessments for paving Evanston avenue from North Fifty-ninth street to Lawrence avenue, in the city of Chicago. Objections were filed on behalf of appellants, which were overruled and judgment entered.

The main contention of appellants is that the county court had no jurisdiction to entertain the application for the judgment of sale, for the reason that the ordinance which was the basis of the assessment and confirmation proceedings is void.

On February 1, 1897, an assessment was made for said improvement, but the judgment of confirmation was reversed by this court as to certain pieces of property assessed. Afterward a new assessment was made, based upon the allegations in the petition and ordinance that by reason of the setting aside of the judgment of confirmation in the original proceedings the assessment could not be collected under such original proceedings and that a new assessment had become necessary. Appellants claim that the original proceeding was still pending at the time of the application for the second judgment of confirmation, and that the county court had no jurisdiction to enter a second judgment while the first was still pending.

Section 66 of chapter 24 (Hurd's Stat. 1903, p. 406,) provides that upon application for judgment of sale upon an assessment no defense or objection shall be made or heard which might have been interposed in the proceedings for the

making of such assessment, and no errors in the proceedings not affecting the power of the court to entertain and consider the petition shall be deemed a defense to the application for judgment and order of sale. In the case of *People* v. *Fuller,* 204 Ill. 290, the question presented for decision was whether or not judgment of confirmation of a prior assessment for the same improvement under a previous ordinance could be pleaded in bar on an application for judgment and order of sale under the second ordinance. We there held that the defense sought to be interposed should have been made at the time of the application for confirmation of the assessment, and was not a proper defense upon application for judgment of sale. No reason is shown why the facts of this case are not within the rule there announced.

It is conceded that the proceedings for the levy of the last assessment were in strict compliance with all of the provisions of the statute. The appellants received notice that the assessment roll had been made and that at a certain term of court all objections would be heard. By this notice the court obtained jurisdiction of the persons of all of appellants, and under the statute had jurisdiction of the subject matter of the suit. The appellants at that time knew of the existence of the prior assessment. It was not a matter which has arisen since the confirmation. They could have appeared and availed themselves of any rights which they had in defense of the confirmation. Having failed to do so, under the provisions of the statute and repeated decisions of this court they were barred from insisting upon those defects at the time of the application for judgment of sale. The defect was one which did not go to the jurisdiction of the court, and therefore the county court committed no error in overruling the objections interposed.

We find no reversible error in the record, and the judgment of the county court will be affirmed.

*Judgment affirmed.*