EMMA COSGROVE et al. Plaintiffs in Error, vs. THE CITY OF
CHICAGO et al. Defendants in Error.

*Opinion filed June 18, 1908—Petition stricken October 7, 1908.*

1. INJUNCTION—*when collection of special assessment will not
be enjoined.* The collection of a special assessment will not be en-
joined where the bill sets forth no grounds for relief of which the
complainant might not have availed himself had he taken advan-
tage of his opportunity to present his claims at some stage of the
assessment proceeding.

2. SAME—*reliance on the promises of improvement board is not
ground for equitable relief.* The fact that a property owner makes
no objection to the confirmation of a special assessment because the
board of local improvements has promised him that other streets
in his neighborhood will be improved the same way furnishes no
ground for relief in equity, since he is bound to know that the im-
provement board cannot make any improvement and that the city
council is not bound by recommendations or promises of the board.

3. SAME—*what matters are not ground for enjoining collection
of assessment.* The facts that a contract had been let under a prior
ordinance at a price much less than the second assessment; that
the assessment was made so as not to charge any cost against the
city; that property of certain corporations was not assessed though
benefited, and that the improvement was put through by an alder-
man who was closely connected with one of the corporations and
who subsequently bought the land which should have been assessed,
are not grounds for enjoining the assessment.

4. SAME—*what does not entitle property owners to accounting.*
The changing of the grade of the street, the paving of a railroad
right of way excepted from the terms of the ordinance and the
using of material from the old pavement are matters which should
be presented by the property owners for adjustment in the assess-
ment proceeding, and do not entitle them to an accounting from
the city under a bill for injunction and accounting.

WRIT OF ERROR to the Superior Court of Cook county;
the Hon. FARLIN Q. BALL, Judge, presiding.

The plaintiffs in error filed their bill for relief against
the city of Chicago and John R. Thompson, treasurer,
which, as subsequently amended, alleged that the complain-
ants were the owners of certain real estate fronting on

Monroe avenue, in the city of Chicago, between Sixtieth and Sixty-seventh streets; that on January 5, 1903, the city presented to the county court its petition for the levy of a special assessment for the improvement of Monroe avenue between Sixtieth and Sixty-seventh streets by constructing a granite concrete combination curb and gutter, and grading, and paving with asphalt, the roadway of said street, except the steam and street railway rights of way, at an estimated cost of $40,500; that no benefits were assessed against the city but the total cost was assessed against the property, except two hundred feet owned by the Illinois Central Railroad Company and about one hundred and twenty-five feet owned by the Oakwood Cemetery Association, and the assessment was confirmed on March 4, 1903, and subsequently vacated on October 7, 1903; that on November 24, 1903, the city presented a supplemental petition praying for a deficiency assessment of $1066.50, which was confirmed, and on December 28, 1903, it was ordered by the court that the original assessment for said improvement stand, and it was certified to the collector by proper warrants and from that time became a valid lien upon the property; that on May 15, 1903, the city let a contract for the improvement to the R. F. Conway Company for $41,566.50, and the company executed to the city a bond for $21,000 for the fulfillment of the contract, and afterwards the city advanced to the company $2800 on account of the contract.

The bill further alleged that on March 17, 1904, the city presented another petition to the county court for the levy of another special assessment for the same improvement, at an estimated cost of $48,500; that no benefits were assessed in this proceeding against the city but the entire cost was assessed against the real estate, except the Illinois Central Railroad Company and the Oakwood Cemetery Association property, as above specified, and warrants therefor were certified as provided by law; that each of the

assessments as levied was payable in five annual install-
ments, with five per cent interest, and that complainants
have paid three of these installments in ignorance of the
levying of the said former assessment and of the letting of
the contract thereunder; that each of the assessments was
made by John A. May as commissioner, who was in the
regular employ of the city and was prejudiced in favor of
the city, and he made the assessments with the fixed pur-
pose of not assessing any benefits against the city and of
levying the entire cost upon the owners of the property,
without regard to special benefits; that none of the im-
provements were petitioned for by the property owners but
the same were put through by a member of the city council
who had been closely identified with the land department
of the Illinois Central Railroad Company, and since the im-
provement proceedings were commenced the railroad com-
pany has abandoned the use of the land so owned by it,
except about twenty feet covered by its tracks, and the same
has been sold to a syndicate composed of the member of
the city council and others, so that the owners of property
fronting on the avenue are compelled to pay for the im-
provement in front of the property owned by the railroad
and the cemetery association, at the rate of $6.10 per front
foot; that the failure to assess these properties, both of
which were benefited in same manner and to the same ex-
tent as the other property fronting on the street, was either
fraudulent on the part of the agents of the city, for the
purpose of favoring the railroad company and the cemetery
association, or was the consequence of gross neglect on the
part of such servants; that the levy of the last assessment
after the first assessment had been made and the contract
let was unlawful, void and a fraud upon the property own-
ers; that the improvement was completed in 1904, and in
its construction the city caused to be removed from the
street a large amount of macadam and paving material for
which the property owners had been taxed and assessed,

and the city caused the grade of the street to be lowered about ten inches without notice to the property owners and without the recommendation of the board of local improvements, and in consequence thereof the property has been damaged the sum of two dollars per front foot.

It was further alleged that at the time of the consideration of the improvement of Monroe avenue by the board of local improvements the board assured the property owners that Kimbark avenue, immediately west of Monroe avenue, and Woodlawn avenue and Jackson Park avenue, would be paved alike with asphaltum, and that, relying upon such assurance, the complainants made no objections to the confirmation proceedings; that Kimbark avenue has been paved with a macadam pavement and the grade of Kimbark avenue raised about the space which the grade of Monroe avenue has been lowered; that the improvement of Woodlawn avenue has been changed to a paving with other material than asphaltum; that travel and traffic on Monroe avenue are of a heavy and undesirable nature, and by reason of its being paved with asphalt paving and the failure of the city to pave the other streets in like manner it is the only street in that section of the city used for general travel and traffic by the public, but that Monroe avenue was not so used by the public before the improvement, and such use of Monroe avenue and non-use and unfitness for use of the other streets named was not anticipated either by the property owners or the board of local improvements when the assessment was made, else the city would have been assessed with a large part of the cost of the improvement as a general benefit to the public.

The prayer was for an injunction restraining the further collection of the assessment; that the assessment be held illegal and void, or that the city be held to an accounting and required to allow as a set-off from the remaining unpaid installments an amount equal to the benefits resulting to the city from the improvement of Monroe avenue; also the

difference between the sum at which the contract was first let and the sum at which it was finally let; also the portion of the assessment which should have been levied upon the property of the Illinois Central railroad and the Oakwood Cemetery Association; also the damage which has resulted to the property from the lowering in grade of Monroe avenue, and the removal of the former macadam and paving material, and the cost of improving one hundred and eighty feet of the right of way of the Illinois Central railroad not authorized by the ordinance and proceedings.

A demurrer to the amended bill was sustained, and the bill having been dismissed, the complainants prosecute this writ of error.

JOHN GIBSON HALE, for plaintiffs in error.

GEORGE A. MASON, and WILLIAM T. HAPEMAN, (EDWARD J. BRUNDAGE, Corporation Counsel, of counsel,) for defendants in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

The reasons urged by the plaintiffs in error for granting the relief prayed for are, that a contract had already been let for the improvement under the prior ordinance at a price several thousand dollars less than the second assessment; that the property owners were assessed to pay for the benefit of the properties owned by the Illinois Central Railroad Company and the Oakwood Cemetery Association, which were benefited but not assessed; that the improvement was put through by an alderman closely identified with the land department of the Illinois Central Railroad Company, who had bought the property of the railroad company; that the superintendent of special assessments made the assessment of benefits in bad faith and with the fixed purpose of not charging any part of the cost of the improvement against the city; that the board of local im-

provements assured the Monroe avenue property owners that all the other streets in the vicinity would be improved in the same way as rapidly as possible and thereby induced the Monroe avenue owners to make no objection to the assessment, but that the city changed the improvement so that the cost of paving the other streets was much less than the cost on Monroe avenue, and the other streets have so far been left in a condition unfit for use, so that the entire travel of that part of the city is thrown upon Monroe avenue, to the injury of the property owners; that the rights of way of steam and street railways were excepted from the improvement, and the paving of the right of way of the Illinois Central railroad was therefore a variance from the improvement for which the assessment was made; that the lowering of the grade was an unreasonable act of oppression and injurious to property owners, and that an accounting should be had as to the general benefit resulting to the city from the improvement and as to the value of the material of the former paving taken from the street, and the damages arising from the change of grade, and the excessive assessment for the benefit of the property of the railroad company and the cemetery association.

The Local Improvement act provides a remedy for all the grievances complained of in the bill, and no sufficient reason is shown by the plaintiffs in error for their failure to pursue such remedy or for a resort to a court of equity. The existence of the prior ordinance, the confirmation of the assessment and the letting of the contract were all matters of public record, of which the plaintiffs in error were charged with knowledge. It is to be presumed that the statutory notices were given in that proceeding and there is no allegation to the contrary. If the former ordinance, and the proceedings under it, constituted a valid objection to proceedings under the present ordinance, the objection should have been made upon the application for confirmation of the assessment. It could not be made upon the applica-

tion of the county collector for judgment of sale. (*People
v. Fuller,* 204 Ill. 290.) Neither could it be made by a
bill in equity for an injunction. The bill avers that the
proceedings under the first ordinance were vacated, and
there is no averment of any irregularity in the letting of
the contract under the second ordinance. The first con-
tract having been abandoned, together with all other pro-
ceedings under the first ordinance, has nothing to do with
the second contract, which, so far as appears, was fairly
let to the lowest bidder in strict conformity with the law.

If the assessment roll which is the subject of complaint
in this case improperly failed to charge the city with any
part of the cost of the improvement as a public benefit, or
if it failed to charge any property benefited with its just
proportion of the cost of the improvement, section 47 of
the Local Improvement act makes provision for the correc-
tion of the errors and omissions and the just and equitable
distribution of the cost of the improvement between the.
public and private property and among the various parcels
of property benefited. The plaintiffs in error should have
presented these objections to the county court on the ap-
plication for confirmation of the assessment roll.

The assurances of the board of local improvements in
regard to the improvement of other streets in the same
way as Monroe avenue and the failure of the city to im-
prove such other streets in accordance with the assurances
of the board, and the fact that by reason of such failure
additional travel was forced upon Monroe avenue, with ad-
ditional attendant noise, dust and inconvenience, to the in-
jury of the property fronting on said avenue, do not afford
grounds for equitable relief. The board of local improve-.
ments is not the authority which decides upon the making
of street improvements. That duty pertains to the city
council. The board could not agree that any improvement
should be made, for while it may recommend it cannot or-
der an improvement. The city council is not required to

make the improvement which the board recommends, but whether any improvement at all shall be made is for the determination of the council. The plaintiffs in error knew that the promises of the board of local improvements were not binding upon the city council, and they had no right to rely upon such promises. If they failed to oppose the confirmation of the assessment because of their reliance upon assurances of the board as to other improvements, they did so with full knowledge that such assurances imposed no obligation upon the city, that performance could not be enforced, and that a failure to comply with them would not invalidate the ordinance or the assessment.

The change of the grade of the street, the paving of a part of the railroad company's right of way excepted from the ordinance and the using of a part of the material with which the street had formerly been paved do not entitle the plaintiffs in error to an accounting. As to the last item, if the old pavement was of any value and was not considered in making the assessment, the objection should have been made on the application for confirmation of the assessment. As to the first item, it is not alleged that the improvement was not made at the grade established by the ordinance, and if the city council had no authority to establish that grade, or if the grade established injured the property of the plaintiffs in error, those questions should also have been presented upon the application for confirmation of the assessment. As to the variance of the improvement from that authorized by the ordinance by reason of the paving of a part of the right of way of the railroad company which was excepted from the improvement, it is provided by section 84 of the Local Improvement act that upon the completion and acceptance of the work the board of local improvements shall certify the cost thereof to the court in which the assessment was confirmed, and if the total amount assessed exceeds the cost, all of the excess shall be abated and the judgment reduced proportionately

and credited *pro rata* under the direction of the court. Said section 84 also provides for a hearing after the filing of said certificate and after notice, to determine whether or not the improvement conforms substantially to the requirements of the original ordinance. Since there is no allegation to the contrary, it is presumed that such hearing was had. At such hearing it was competent for the plaintiffs in error to show that the cost of the improvement as certified should be reduced, by showing, if such was the fact, that the certificate included the paving of the right of way which was not included in the ordinance and for which the assessment was not made, and thereupon the court would have deducted the cost of the paving not included in the ordinance and credited it *pro rata* upon the assessment. It was also competent for the plaintiffs in error to show, on such hearing, that the paving did not conform to the grade required by the ordinance, if such was the fact, and upon the court so finding it would have been the duty of the board of local improvements to procure completion of the improvement in substantial accordance with the ordinance.

The bill sets up no claim of which the plaintiffs in error might not have availed themselves at some stage of the assessment proceedings. This suit is substantially a collateral attack upon such proceedings. The aid of a court of equity can only be invoked in the absence of an adequate legal remedy. The collection of a special assessment can not be enjoined in favor of one who has had an opportunity to make his defense in the court in which the assessment proceedings were had. His failure to make his defense there affords no ground for an application to a court of equity to relieve him from the consequences of his neglect. *Lyman* v. *City of Chicago,* 211 Ill. 209; *Sumner* v. *Village of Milford,* 214 id. 388.

The demurrer to the amended bill was properly sustained, and the decree of the superior court will therefore be affirmed. *Decree affirmed.*