DAVID L. MARTIN et al. Appellants, vs. CHARLES W. Mc-
CALL et al. Appellees.

*Opinion filed December 21, 1910.*

1. RES JUDICATA—*when validity of a special assessment ordi-nance is res judicata.* Where the Supreme Court affirms, on the merits, a judgment and order of sale for a special assessment entered over objections going to the validity of the ordinance, the validity of the ordinance is *res judicata* when subsequently attacked by the same parties though in a different form of action.

2. SPECIAL ASSESSMENTS—*effect of a judgment approving city's acceptance of work.* A judgment of the county court approving a city's acceptance of a local improvement is conclusive that the work has been done in substantial compliance with the ordinance, and an issue on such fact cannot be raised by a bill for injunction unless it is shown by the bill that the county court was without jurisdiction to render such judgment.

3. SAME—*effect of judgment approving city's acceptance is not changed by admissions of parties.* The conclusive effect given by statute to the judgment of the county court approving a city's acceptance of a local improvement cannot be nullified by the admission of parties, in their pleadings or otherwise, that improvement was not constructed in substantial compliance with the ordinance.

4. EQUITY—*when equity will not grant relief against a judgment at law.* It is no ground for relief in equity against a judgment at law that the judgment is wrong in law or fact, or both, if the complaining party had an opportunity to make his defense at law and omitted to do so.

5. PLEADING—*what is not admitted by demurrer.* A demurrer to a bill for an injunction admits facts which are relevant and well pleaded, but it does not admit the pleader's conclusions of law alleged in the bill nor facts which the bill shows cannot be inquired into on the hearing.

6. SAME—*when bill for injunction is defective.* A bill to enjoin further proceedings under a sewer assessment upon the ground that the sewer was, in fact, constructed "upon a part" of a certain lot upon which it was not located by the ordinance and map of the improvement, is defective if it fails to show that the sewer is constructed upon some substantial portion of the lot such as the law would take cognizance of.

7. INJUNCTION—*when a bill to enjoin proceedings under sewer assessment will not lie.* A bill to enjoin further proceedings under a sewer assessment upon the ground that the sewer was constructed

upon part of a lot upon which it was not located by the ordinance and map of the proposed improvement will not lie where no such objection was made by the complainant, though he appeared and objected to the confirmation of judgment against such lot and to the county court's approval of the city's acceptance of the work and to the application for judgment and order of sale for the first installment of the assessment.

APPEAL from the Circuit Court of Whiteside county; the Hon. FRANK D. RAMSAY, Judge, presiding.

JARVIS DINSMOOR, and FRANK J. BOWMAN, for appellants.

J. J. LUDENS, State's Attorney, and C. L. & C. E. SHELDON, for appellees.

Mr. CHIEF JUSTICE VICKERS delivered the opinion of the court:

On February 4, 1907, the city of Sterling passed an ordinance providing for the construction of the east end sewer system. A petition was thereafter filed praying that steps be taken to levy a special assessment to pay for such sewer system. The special assessment was levied and duly confirmed May 30, 1907. A contract was let, and the work of constructing the sewer being completed, on November 25, 1908, a judgment was entered confirming the acceptance of the work by the board of local improvements. The complainants below appeared and filed objections to the rendition of the judgment confirming the acceptance of the work. At the June term of the county court complainants below filed objections to the rendition of judgment for the first installment of the special assessment against their property. These objections were overruled, and the objectors appealed to this court and the judgment below was affirmed. (*People* v. *Martin*, 243 Ill. 284.) After the judgment of affirmance in this court complainants below filed a bill in

equity for the purpose of enjoining the city and its officers from proceeding any further with such special assessment proceedings, from taking any further steps toward the collection of subsequent installments, and from paying to the contractor any money on hand that may have been paid in on account of the first installment. The defendants interposed a demurrer to the bill, which was sustained. Complainants below elected to stand by their bill and the same was dismissed for want of equity. To reverse this decree complainants below have brought the record to this court for review.

A copy of the original ordinance is appended to the bill as an exhibit and all of the proceedings subsequent to its passage are recited very fully in the bill. It is alleged in the bill that the county court, on May 30, 1907, confirmed the assessment roll and overruled appellants' objections thereto. It is also alleged that on September 18, 1908, the county court of Whiteside county made an order approving the acceptance of this work by the city, and that said order of approval was entered over the objections of the appellants. This averment is accompanied by the statement that the certificate of completion of the work in accordance with the ordinance and contract was false and made with the purpose of defrauding appellants and other property owners. The bill sets out with considerable detail several particulars in which it is claimed that the sewer was not constructed in the manner that the ordinance required. Among other things complained of as to the manner in which this sewer was constructed, the bill alleges that the sewer as provided for by the ordinance was located across lots 4, 3, 2 and 1 in block 39, and lots 7, 8, 9, 10, 11 and 12 in block 34. It is alleged in the bill, and the same appears from the copy of the ordinance, that no part of the sewer was located on lot 9 in block 38. The bill charges that, in fact, the sewer as constructed is located on a part of lot 9 in said block 38, and that there is nothing

in the petition, or elsewhere in the special assessment proceedings, showing that the city owned or had acquired a right of way for such sewer over said lot 9. It appears from the bill that this lot is owned by John W. and David L. Martin, two of the appellants herein, and that they own other property assessed for the improvement. Lot 9 in block 38 was specially assessed for the improvement in question, and was among the property for which objections were filed to the judgment of confirmation, the judgment approving the acceptance and the judgment for first delinquent installment. Appellants aver that since the filing of said objections and the rendition of said judgments the fact has been ascertained, which was before unknown to them, that the sewer had been built over and across lot 9 in block 38, and that appellants were kept in ignorance of this fact by the failure of the ordinance to describe any land that would be necessarily taken or damaged in the construction of said sewer and by reason of the map of the sewer territory made by the engineer failing to show that the sewer would cross any part of said lot 9 in block 38.

The only question involved is whether the court erred in sustaining the demurrer and in dismissing appellants' bill. There are a number of objections to this bill which are urged by appellees in their brief. In view of the conclusion we have reached with respect to one of these objections the others need not be considered. If this bill is sustained it will have the effect of nullifying the judgment of confirmation as well as the judgment approving the acceptance of this work by the city. This bill is a collateral attack upon those judgments. It seeks to vacate the assessment for reasons which existed at the time the judgment of confirmation was entered. We are of the opinion that the judgment of confirmation is *res judicata* of all the questions that are presented in this bill. The validity of the ordinance under which this improvement was constructed was involved in the case of *People* v. *Martin, su-*

*pra,* and this court held it valid. That case conclusively settles the validity of the ordinance, regardless whether the specific objection to said ordinance now insisted upon was raised in that case or not. The validity of the ordinance cannot be thus attacked by the same parties by piecemeal although the action may be in a different form. (*Lusk* v. *City of Chicago,* 211 Ill. 183.) The bill shows that the improvement was accepted by the city, and that such acceptance was, after notice, appearance and objection of the appellants, confirmed by a judgment of the county court. That judgment is *res judicata* of all questions of fact approved and confirmed by said order. (*People* v. *Cohen,* 219 Ill. 200.) Section 84 of the Local Improvement act provides that the court, upon the presentation of a certificate of the completion of a local improvement by the board of local improvements, shall hear and determine the same in a summary manner and shall enter an order according to the fact. "Such order of the court shall be conclusive upon all the parties, and no appeal therefrom, or writ of error thereto, shall be allowed to review or reverse the same." The effect of this judgment is to conclusively determine that the work has been constructed in substantial compliance with the ordinance. The effect of appellants' bill is to raise an issue as to whether the sewer was constructed in accordance with the ordinance. This cannot be done without showing that the county court approved the certificate of completion of the work without jurisdiction. The jurisdiction of the county court to pass upon the certificate of the board of local improvements affirmatively appears from the allegations of the bill. Appellants seek to avoid the effect of this judgment by averring that the court acted upon a false certificate and that the judgment was obtained fraudulently. The only fact set out in the bill in support of the general allegation of fraud is the omission from the ordinance, and from the map of the sewer district, of any reference to the location of a part of the sewer on lot 9

in block 38. Appellants say that the demurrer admits the averment in the bill that the sewer is, in fact, located upon a part of lot 9 in block 38. The rule is that a demurrer admits the truth of facts stated in the bill so far as they are relevant and well pleaded, but it does not admit the conclusions of law drawn therefrom although they are also alleged in the bill. (Story's Eq. Pl. sec. 452.) The averment of a fact which appellants' bill shows could not be inquired into on hearing is not admitted by the demurrer. The statute, which makes the judgment confirming the acceptance of a local improvement conclusive of the fact that the improvement is made in substantial compliance with the ordinance, cannot be nullified by the admissions of parties, in their pleadings or otherwise. This case will not be determined on the assumption that the sewer was not located in the place and constructed in the manner required by the ordinance, but, on the contrary, giving to the judgment of the county court the conclusiveness required by section 84 of the Local Improvement act, we must assume that the sewer was located and constructed in substantial · compliance with the statute and that neither averment nor proof to the contrary will be considered. The power of a court of equity to set aside and nullify judgments at law is exercised according to the fixed rules, one of which is, that it is no ground for relief in equity that a judgment is wrong in law or fact, or both, if the complaining party had an opportunity to make his defense at law and omitted so to do. *Sumner* v. *Village of Milford,* 214 Ill. 388; *Cosgrove* v. *City of Chicago,* 235 id. 358.

The bill does not state how much of said sewer is on lot 9 in block 38. The allegation is that it is upon a part of said lot. The pleading will be construed most strongly against the pleader. The bill is defective in that it does not show that the sewer is upon some substantial portion of said lot, such as the law would take cognizance of. If

the sewer only occupied one inch off the corner of said lot it would hardly be contended that the law would pay any attention to such an infinitesimally small matter, and yet the averments of the bill do not negative this condition of affairs. There was no error in sustaining the demurrer to this bill and dismissing the same.

The decree of the circuit court of Whiteside county will be affirmed.