CHARLES M. HAUGAN *et al.* Appellants, *vs.* THE CITY OF
CHICAGO *et al.* Appellees.

*Opinion filed June 18, 1913.*

1. SPECIAL ASSESSMENTS—*presumptions are in favor of the validity of ordinance.* Where an ordinance has been properly passed by a municipal corporation all presumptions are in its favor.

2. SAME—*difference of opinion between property owners and improvement board not ground for injunction.* A bill to set aside a judgment of confirmation and restrain the city from proceeding further with the construction of a sewer system cannot be maintained, where the most that is shown by the bill is that there is a difference of opinion between the property owners and the board of local improvements as to the kind of improvement to be made.

3. SAME—*when a confirmation judgment will not be set aside.* A judgment confirming a special assessment will not be set aside by a court of equity even though it may be wrong in law or fact, or both, if the complaining party had an opportunity to present his defense at law and failed to do so.

4. SAME—*what objections, even if proved, do not render sewer ordinance void.* Objections that the board of local improvements did not transcribe its first resolution for a sewer improvement in its records and that such resolution was not signed, that there was no such resolution, and that notices were not sent to owners of property abutting upon existing sewers, would not, even if proved, render the ordinance void but only defective, and they cannot be raised in a collateral attack on the judgment of confirmation.

5. SAME—*what is not ground for relief in equity against confirmation judgment.* The fact that a property owner may refrain from objecting to the confirmation of a special assessment for a sewer improvement because of promises made by the board of local improvements to make other improvements is not ground for relief in equity against the judgment of confirmation, as he is bound to know that the board of local improvements cannot make improvements and that the city council is not bound by the recommendations of such board.

6. SAME—*bill should set out notice and judgment claimed to be defective.* Where it is claimed by a bill to set aside a confirmation judgment that the notice for confirmation and the judgment are defective, the notice and judgment should be set out in the bill or attached thereto as exhibits, in order to determine, on demurrer to the bill, whether they comply with the law.

7. SAME—*when certificate of publication made by secretary of corporation is not invalid.* A certificate of publication signed and sworn to by the secretary of a corporation is not invalid upon the ground that the secretary of a corporation has no implied authority to make such a certificate, where the certificate states that he is the authorized agent of the corporation. (*City of Chicago* v. *Stein,* 252 Ill. 409, distinguished.)

8. SAME—*a defective certificate of publication does not overthrow judgment on collateral attack.* A defective certificate of publication and affidavit will not be allowed to overthrow a confirmation judgment on collateral attack, as they are merely *prima facie* evidence, upon which the court may or may not have acted in arriving at its finding of jurisdiction.

9. SAME—*method of notifying property owners, provided by Local Improvement act, is constitutional.* The method provided by the Local Improvement act, particularly sections 45, 46 and 51, for notifying property owners, is constitutional.

APPEAL from the Superior Court of Cook county; the Hon. MARCUS KAVANAGH, Judge, presiding.

WILLIAM J. DONLIN, for appellants.

PHILIP J. McKENNA, and FRANK JOHNSTON, JR., (WILLIAM H. SEXTON, Corporation Counsel, of counsel,) for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was a bill in chancery filed in the superior court of Cook county by appellants, praying that the judgment of the county court of Cook county confirming a special assessment for the construction of a local improvement, consisting of a system of sewers, be annulled and set aside and that the city of Chicago be restrained from taking further steps therein. The trial court sustained a demurrer to the bill, and the appellants electing to stand on their bill without amendment the court dismissed it for want of equity, whereupon an appeal was taken to this court.

From the allegations of the bill it appears that appellants were assessed for a system of sewers in the north-

eastern part of the city of Chicago; that the board of local improvements originated this system and held a public hearing thereon June 20, 1911; that on the recommendation of said board the city council on July 6, 1911, adopted an ordinance for said improvement, and later the city filed a petition in the county court of Cook county praying that a special assessment be levied; that thereafter an assessment roll was filed and a default judgment and confirmation were entered against the property of appellants for said assessment; that said board of local improvements let a contract therefor and that work had been begun and the first voucher issued under said contract. The bill further alleges that on December 9, 1910, said board originated, at its own instance, four systems of sewer improvements in the locality of and apparently covering all the property assessed for said improvement above referred to; that on the date set for the public hearing of said four systems over one thousand property owners attended, and after a discussion those improvements were delayed or deferred for a year; that at that time, and thereafter in discussions between the property owners interested and the board of local improvements, it was publicly announced by the said representatives of the city of Chicago that the public good of the proposed territory to be benefited by said sewer system could be conserved only by the construction of a large and deep sewer in Evanston avenue, and that on the facts brought out during such discussions it became the duty of the board to adopt a first resolution and proceed to a public hearing upon the construction of a deep main trunk sewer in Evanston avenue; that the board with fraudulent intent demanded and required consents and petitions for said trunk sewer which the law did not require; that in order to avoid the protests of the property owners in said territory and divide the opposition the board contrived four schemes of sewer improvement for said territory; that one of these schemes is provided for in the ordinance here in question, and that all

four of said schemes were fraudulently inaugurated within six months after said public hearing in December, 1910, and that said four schemes are now being carried on contrary to justice and equity, in pursuance of a fraudulent design to avoid the reasonable requirements of said districts; that said scheme for four systems will be but a temporary makeshift and of no permanent benefit to said territory; that the board in bad faith has substituted these last named schemes in place of the schemes under consideration at said public meeting in December, 1910.

We deem that the foregoing sets out sufficiently the allegations of the bill upon which is based appellants' claim that the city of Chicago is proceeding fraudulently to make the sewer here in question. When an ordinance has been properly passed by a municipal council all presumptions are in its favor. It is a most common occurrence that there is a wide difference of views among the property owners affected, with reference to the character and necessity of a local improvement. From the allegations of the bill it is evident that some system of sewer improvement is needed in the territory in question and that the only dispute was as to the character of the improvement. The allegations of this bill do not set out any facts which by any possibility could be held as showing fraud as to the improvement here in question on the part of the public officials. At the most, these allegations simply show a difference of opinion between the property owners and the board of local improvements as to the kind of sewer system that should be constructed. Furthermore, there are no charges of fraud made against any of the city officials except the board of local improvements. It has been held by this court that the fact that the property owner, because the board of local improvements has promised him that other streets in his neighborhood will be improved, refrains from objecting, furnishes no ground for relief in equity, since he is bound to know that the board of local improvements cannot make the im-

provement and that the city council is not bound by its recommendations. *Cosgrove* v. *City of Chicago,* 235 Ill. 358; *Ton* v. *City of Chicago,* 216 id. 331.

The facts in *Dempster* v. *City of Chicago,* 175 Ill. 278, relied on by appellants, are not at all similar to those now before us. Neither on the facts nor the law is that case in point here.

The bill alleges that the board of local improvements did not transcribe its first resolution in its records and that said resolution was not signed, that there was no such resolution, and that notices of the public hearing were not sent to property owners whose property abutted upon existing sewers. The power of courts of equity to set aside and nullify judgments of law must be exercised according to fixed rules, one of which is, that it is no ground for relief in equity that a judgment is wrong in law or fact, or both, if the complaining party had an opportunity to make a defense at law and failed so to do. (*Martin* v. *McCall,* 247 Ill. 484.) All of these objections referred to the acts of the board of local improvements preliminary to recommending the local improvement to the council. They could have been raised upon the hearing and confirmation before the county court. None of the alleged defects, even if proven, would render the ordinance void but only defective. They cannot be raised in a collateral attack. This court, in *Sumner* v. *Village of Milford,* 214 Ill. 388, where similar questions were raised, after reviewing the authorities relied on by counsel for appellants, held that such alleged defects furnished no ground for relief in equity. To the same effect are *Cosgrove* v. *City of Chicago, supra,* and *Martin* v. *McCall, supra.*

The bill further alleges with reference to the notice for confirmation of the special assessment in the county court, "that the notices required by law to be mailed and posted * * * were not in compliance with the statute and do not state the nature of the improvement to be made, its charac-

ter or extent, and that the affidavits thereof to be produced upon the trial hereof show upon their face a non-compliance with the statutory requirements," etc. The special objection to these notices is, that they do not state the nature, character or extent of the improvement. No copy of the notice is set out in the bill or attached thereto as an exhibit. In order to determine intelligently whether such notice is in conformity with the law, on a hearing on bill and demurrer, the notice itself should be set out. In the case of *Kedzie* v. *West Chicago Park Comrs.* 114 Ill. 280, this court said with reference to a similar notice in a special assessment proceeding (p. 285): "But if a notice was given the legality of which is denied, a question of law is raised, and the notice given should be specifically set out, in order that it may be seen whether it conforms to the requirement of the law." To the same effect is *Ulrich* v. *Freedman,* 196 Fed. Rep. 113; 16 Cyc. 236, and cases cited.) Furthermore, the allegations in the bill as to the substance of the notice are merely conclusions of law and not statements of fact. The demurrer does not admit conclusions of law.

The same answer may be made to the allegations of the bill that the judgment of confirmation "does not state the land for nor the persons or land against whom it was rendered nor the party in whose favor it is had." The bill does not set out the judgment or the substance of it, nor is a copy of the judgment attached to the bill as an exhibit.

The bill further alleges that the certificate of publication of notice as to confirmation of the assessment does not comply with the law. A copy of this certificate is set out, and it is claimed that it is like the one held faulty in *City of Chicago* v. *Stein,* 252 Ill. 409. In that case the certificate was signed and sworn to by the secretary of the Chicago Evening Post Company. The court held that the secretary of a corporation has no implied authority to make such a certificate; that it must be made by the publisher or his authorized agent. The certificate here was made by the

secretary of the Chicago Evening Post Company but stated that he was the authorized agent of said company. The defect in the certificate in *City of Chicago* v. *Stein, supra,* is not found here. There is a further sufficient answer to the objection raised on this allegation. The affidavit and certificate of publication are merely *prima facie* evidence, on which the court may or may not have acted in arriving at its finding, in a special assessment proceeding, that it had jurisdiction. There may have been other evidence submitted as to posting and publishing notices. The affidavit and certificate of publication as to mailing and posting are not allowed on a collateral attack to overthrow the judgment of the court. *Illinois Central Railroad Co.* v. *People,* 189 Ill. 119; *People* v. *Sargent,* 252 id. 104.

The bill further alleges that the dates of mailing, posting and publication were all within the December term of the county court, and that the return of process such as this within the term and to a day of the same term contravenes the constitution and laws of the State, as the term is regarded as one day, and the process must necessarily be returnable to some day of the next term. In support of this position counsel cites and relies on *People* v. *Wells,* 255 Ill. 450. That case lends no support to appellants' contention. The method of notifying property owners under the Local Improvement act, especially sections 45, 46 and 51, has been held constitutional by this court. *Citizens' Savings Bank* v. *City of Chicago,* 215 Ill. 174; *Gage* v. *City of Chicago,* 225 id. 135; *McChesney* v. *City of Chicago,* 227 id. 450.

While we have disposed of some of the objections raised on other grounds, the bill sets up no claim for which there was not an adequate remedy at law. The demurrer to the bill was properly sustained, and the decree of the superior court will be affirmed.

*Decree affirmed.*