## MARTIN ANDREWS

*v.*

## THE PEOPLE *ex rel.* Julian S. Rumsey.

1. SPECIAL ASSESSMENTS—*park in West Chicago.* The net damages for taking property for the park and boulevards in West Chicago, are the amounts required to be paid to the owners for the taking of their land, and this is the cost which is meant in the provision of the statute limiting the amount of the cost of the improvement. But even if the assessment exceeded the sum limited, the objection should be made before confirmation.

2. SAME—*supplemental park act—submission to vote.* Where, by a vote of the people, under the original Park Act, the park commissioners became corporate authorities, for the purpose of constructing and maintaining certain public improvements, it was *held*, that the legislature might regulate and modify their powers and duties without submitting the supplemental act to a vote.

3. SAME—*whether property is benefited.* It is too late, on application for judgment against lands for special assessments, to insist that the property is not benefited to the amounts assessed thereon. The judgment confirming the assessment is conclusive upon the question, and can not be attacked collaterally.

4. SAME—*notice of application for judgment.* Under the acts relating to the park and boulevards in West Chicago, and assessments therefor, on application for judgment for unpaid assessments, a notice of the application published three times, for three successive weeks, is all that the statute required.

34—83D ILL

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

Mr. JOHN P. WILSON, for the appellant.

Messrs. HOLDEN & MOORE, and Mr. JOHN M. ROUNTREE, for the appellee.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

This is an appeal from a judgment of the circuit court of Cook county, ordering the sale of the lands of appellant, as delinquent, for the amount of certain special assessments, for park purposes, in the town of West Chicago, and for State and county taxes.   Judgment to that effect had been rendered by the county court, on application of the relator, as county treasurer, under a statute now repealed.   The case was before the circuit court on appeal from the county court.

It is insisted that special assessment is illegal, on the ground that the cost of the parks and boulevards, for which it is levied, exceeds the limitation fixed by statute.   In support of this proposition it is contended, that in cases where land was condemned, and the benefits were deducted from the damages, to ascertain the net damages to be paid the owner, the total damages and not the net damages are the measure of the cost. This position is not sound.   The net damages were the amount which was required to be paid to the owner for the taking of his land, and this is *the cost* which is meant in the provision of the statute limiting the amount of the cost of the improvement.   The point made, if tenable, should have been made before the court which confirmed the assessment, and could not be heard in this proceeding.

Again, it is contended that the supplemental act, approved April 19, 1869, relating to this improvement, is inoperative and void, because it was not submitted to the vote of the people.   By the vote of the people upon the original act, the park commissioners became "corporate authorities," for the purpose of constructing and maintaining these improvements.   Being

such corporate authorities, it was competent for the legislature to regulate and modify their powers and duties, although it could not, without the consent of such corporate authorities, compel them to assume, in behalf of the corporation, additional pecuniary obligations.

Again, it is objected that the lands in question are subjected to assessment to pay for an improvement, in part, in the town of Jefferson, and that the "park tax" is for a like purpose. The record does not show that any part of the assessment upon property in West Chicago, or any part of the tax called the "park tax," is to pay for any part of the improvement to be made in the town of Jefferson.

Another objection made is, that it does not appear that the property is benefited to the amount assessed thereon. This question was settled by the judgment of the court fixing the amount of the assessment. This is a proceeding to collect the assessment. The former judgment can not be attacked collaterally. The court rendering that judgment had jurisdiction, and its judgment is final.

The objection that two full weeks did not intervene between the first notice of application to the court for the appointment of assessors, can not prevail. The law required notice to be published three times, for three successive weeks. The notices in this case were published first on Friday, May 6, and again throughout the succeeding week, and also on each of the first three days of the third week. This is a compliance with the statute. *Garrett* v. *Moss*, 20 Ill. 549; *Madden* v. *Cooper*, 47 Ill. 359.

There are some other points made by appellant, but it is believed each and every of them, as well as those already passed upon, have heretofore been decided by this court adversely to the objector, and most of them are settled in the *Brislin case*, (80 Ill. 423.) We need consider them no farther.

The judgment below is affirmed.

*Judgment affirmed.*