## L. W. CHAPMAN, Respondent, v. W. B. ADAMS et al., Appellants.

Springfield Court of Appeals, March 11, 1922.

1. **COURTS: Court of Appeals Held not Concerned with Constitutional Question after Transfer of Case from Supreme Court.** In an action on tax bills issued by a municipality under and in strict pursuance to a Local Option Act adopted by its qualified voters, where an appeal was taken to the Supreme Court on a constitutional question, and that court declared the question was improperly raised, and transferred the case to the Court of Appeals, *held* that the defense that no notice of the proposed tax was given will not be considered in the latter court; there being not provision in the act for such notice.

2. **MUNICIPAL CORPORATIONS: Local Option Act Need not be Re-adopted after Amendment in Minor Particulars.** It is not necessary

for the qualified voters of a municipality to readopt a Local Option Act, such as Laws 1895, p. 58 (Rev. St. 1909, secs. 9281-9297), relating to the construction, though it has been amended since the first adoption, where the amendments constitute but minor changes, and do not alter the general scope or procedure prescribed by the original act.

Appeal from the Circuit Court of Butler County.—*Hon. Almon Ing,* Judge.

AFFIRMED.

*Lew R. Thomason* for appellants.

(1) Any facts establishing the invalidity of the proceedings or any other fact or facts made prima-facie evidence by the introduction of the tax bill may be shown under a general denial. In fact, it is the only proper answer where the declaration counts upon a tax bill to show that the preliminary proceedings never ripened into a valid tax bill. Cushing v. Powell, 130 Mo. App. 576; State ex rel. v. Rau, 93 Mo. 130; Jones v. Rusch, 156 Mo. 364; City of Chillicothe v. Meek, 136 Mo. App. 468; City of Poplar Bluff v. Bacon, 144 Mo. App. 476. (2) A local or special assessment is an enforced involuntary charge imposed by competent authority in order to raise funds to pay for a part or all of an improvement of a public character whereby a special local benefit has in contemplation of the law been conferred upon certain property. Page v. Jones, Taxation by Assessment, Volume 1, section 7; Ill. Central R. R. Co. v. City of Decatur, 147 U. S. 199; Heman Construction Co. v. Wabash R. R. Co., 206 Mo. 172. (3) A local assessment levied in return for the benefits conferred upon property by reason of the improvement of a public nature is a tax. Meier v. City of St. Louis, 180 Mo. 391; Heman v. Schulte, 166 Mo. 409; City of Moberly v. Hogan, 131 Mo. 19; St. Joseph, to the use of Gibson, v. Farrell, 106 Mo. 437. (4) A local assessment is a public tax in the sense that it is levied for a public purpose and it differs from a pub-

lic tax in that it is not levied for a public or common benefit, but is levied for special benefits, however, it owes its origin to the same source of power. Sargent & Co. v. Tuttle, 32 L. R. A. 822. (5) The theory underlying the doctrine of local or special assessments is that the value of certain property is enhanced by an improvement of a public nature, the property thus receiving a special and peculiar benefit, and that upon such property a part of the whole of the cost of such an improvement is assessed to the amount not exceeding the whole amount of such benefits. The fundamental principle of such special taxation is that it shall be measured by the special benefit, and it is imposed and collected as an equivalent to that benefit. Village of Norwood v. Baker, 172 U. S. 269; City of Denver v. Knowles, 17 L. R. A. 135; Lockwood v. City of St. Louis, 24 Mo. 20; McCormick v. Patchen, 53 Mo. 33; Huddelson v. City of Ugene, 43 L. R. A. 444; City of Bridgeport v. Railroad Co., 4 A. R. 63; Stuart v. Palmer, 30 A. R. 289; Page & Jones, Assessment by Taxation, Volume 1, section 11. (6) An assessment for benefits is a forced charge, levied upon the property benefited by the sovereign power of the State, or by some public corporation or *quasi*-corporation under and by virtue of the authority of the State. It is a branch of the taxing power and is a special manifestation of the taxing power. City of Worchester v. Railroad Co., 196 U. S. 539; Flourney v. City of Jeffersonville, 79 Am. Dec. 468; Rose v. Trestrail, 62 Mo. App. 353. (7) It is essentially a forced contribution levied *in invitum* virtue of the sovereign power of the State. Mound City Land & Stock Co. v. Miller, 170 Mo. 240; State ex rel. Greely v. City of St. Louis, 67 Mo. 113; Guinotte v. Egelhoff, 64 Mo. App. 356. (8) A municipal corporation has no inherent power to levy local assessments for benefits arising to property by reason of an improvement of a public nature. No such power is conferred by any rule of common law and it follows therefore that it does not exist unless conferred by express statutory enactment. City of St. Louis v. Knoch, 169 Mo. 587; West v. Porter, 89 Mo. App. 150; Fruin Bambrick

Construction Co. v. Geist, 37 Mo. App. 509; Page & Jones, Taxation by Assessment, section 220, and the above cited cases. (9) The consent of the voters or property owners of a district cannot confer the power upon the officers to levy a special or local assessment, as such power can only be levied by an act of the Legislature. Anderson v. Hill, 54 Mich. 477; Hixson v. Hurson, 54 Ohio, 470; 43 N. W. Rep., 1000. (10) The consent of the voters of a municipal corporation may be made necessary by statute to enable the municipal corporation to adopt the power of levying special assessments. The Legislature may provide that the power to levy special assessments shall not become effective unless the voters of such city adopt the provision of such statute by a vote at an election at which time such question is submitted to them. (The consent of the voters is necessary by virtue of the specific provisions of section 9281, R. S. 1909. (11) Local assessments are not a form of *quasi*-contract. It is a fundamental rule of local assessments that the statutory requirements must be strictly complied with since the corporation has no power except that conferred by the Legislature. Allen v. City of Davenport, 132 Fed. 132; Fire Stone & Pipe Co. v. Stope, 78 Mo. 446; City of St. Joseph v. Wilshire, 47 Mo. App. 125; Fleming Mfg. Co. v. Coleman, 103 Mo. App. 215. (12) If the Legislature has prescribed steps which must be taken by the municipal corporation, each of these successive steps must be taken and the omission of any one of these invalidates the assessments. Fleming Mfg. Co. v. Coleman, 103 Mo. App. 215; West v. Porter, 89 Mo. App. 150; Guinotte v. Egelhoff, 64 Mo. App. 356; Rose v. Trestrail, 62 Mo. App. 352; City of St. Joseph ex rel. Bank v. Landis, 54 Mo. App. 315, Bambrick Const. Co. v. Geist, 37 Mo. App. 509; Carron v. Martin, 69 A. D. 584; Merit v. Port Chester, 27 A. R. 47; Wood v. City of Galveston, 76 Texas 126; Nolet v. City of Alexandria, 31 L. R. A. 382. (13) Since a municipal corporation is only possessed of such powers of government and taxation as are conferred upon it by the Legislature, the State may, through the

Legislature, change, modify or withdraw said powers at its pleasure. City of Worchester v. Street R. R. Co., 196 U. S. 539; City of Springfield v. Street R. R. Co., 182 Mass. 49; Mount Pleasant v. Beckwith, 100 U. S. 514. (14) If a statute which controls the method of levying a local assessment is amended or changed after the contract is let and the work begun, such a repeal or amendment does not affect the right and the liabilities of the parties, as such statute will be construed, if possible, as having a prospective operation only. A different rule is applicable, however, if no contract is let and no work done before the changing of the statute. In such case the method of levying the assessments and the rights of the parties are governed by the new statute, which must be adopted, as the adoption of a statute does not include subsequent annulments. Wilson v. City of Seattle, 2 Wash. 543; Penn. Co. v. Cole, 132 Fed. 668; Page & Jones, on Taxation by Assessment, section 227. (15) Assessment proceedings are proceedings *in invitum*. Guinotte v. Egelhoff, 64 Mo. App. 356; Rose v. Trestrail, 62 Mo. App. 352; Mound City Stock Co. v. Miller, 170 Mo. 240. Special assessments have for their ultimate object the taking of property from the individual owner without his consent. Statutes conferring such power must be construed most strictly and the mode prescribed complied with. Sedalia Bank v. Donnohue, 190 Mo. 407. (16) The constitutional provisions of the United States and that of the State of Missouri forbidding the taking of property without due process of law affects, the method of apportioning of the special assessments. A special asessment must be apportioned according to the benefits conferred by the improvement for which such an assessment is made or levied and cannot exceed the amount of said benefits. Village of Norwood v. Baker, 172 U. S. 269; Bauman v. Ross, 167 U. S. 548; McCormick v. Patchen, 53 Mo. 33; City of Bridgeport v. Railroad, 30 A. R. 289. (17) If the assessment is not apportioned in substantially the same rates as the benefits, or if it is substantially in excess thereof, such assessment is invalid, as amounting to the taking of property without due

process of law.   Norwood v. Baker, 172 U. S. 269; White
v. City of Tacoma, 109 Fed. 32; Zender v. Paving Co. 108
Fed. 362; City of St. Joseph, 142 Mo. 163.

*J. C. Sheppard* for respondent.

(1)   To establish a sewer district under the law as
amended, it was necessary that the question be resub-
mitted to the voters of the city, and cites the following au-
thorities in support of this contention.   Wilson v. City
of Seatţle, 2 Wash. 543; Penn. Co. v. Cole, 132 Fed.
668; Page & Jones, on Taxation by Assessment, section
227.   (2)   And, while it makes no provision for the prop-
erty owner to be heard during the proceeding imposing
the special benefits, but does make them collectible by
suit, when all of the legal defenses the property owner
may have, from the inception of the proceeding down to
the rendition of the tax bills may be pleaded and asserted
in the same manner that any legal or equitable defense
may be made in any other action at law or in equity; and
that constitutes notice, a right to hear, and due process
of law.   Embree v. Road District, 257 Mo. 593.   This
opinion affirmed by the Supreme Court of the United
States, 240 U. S. 243, 36 Sup. Ct. 317; Saxton Nat. Bank
v. Carswell, 126 Mo. 436;   Mullins v. Mt. St. Mary's
Cemetery Ass'n., 268 Mo. 691; Barnes v. Pikey, 269 Mo.
408.

BRADLEY, J.—Plaintiff sued in separate counts
on nine tax bills issued by Poplar Bluff, a city of the third
class, to the Bell-Hudson Construction Company for the
construction of a sewer in said city.   The tax bills were
assigned by the construction company to the Farmers
Savings Bank, and by the bank to plaintiff.   The cause
was tried below before the court without a jury, and
plaintiff had judgment, and defendants appealed.   The
appeal was granted to the Supreme Court, and by that
court transferred to this court.   [Chapman v. Adams et
al., 230 S. W. 80.]

The petition is in the usual form, and the answer is a general denial. Defendants attempted to invoke the due process clause of the Federal and State Constitutions but failed to properly raise the question as will appear by reference to Chapman v. Adams et al., supra. The tax bills sued on are dated November 3, 1913, and were accepted by the Bell-Hudson Construction Company for installing the sewer. These tax bills were issued under and by authority of the provisions of sections 9281 to 9297 inclusive, Revised Statutes 1909. The record discloses that at an election held in the City of Poplar Bluff on June 9, 1896, the provisions of the Act of 1895, Laws 1895, p. 58, were adopted. The Act of 1895 was carried forward in the revisions and were sections 9281 et seq., Revised Statutes 1909, when the tax bills sued on were issued. The City Council in 1913 passed an ordinance creating Sewer District No. 3 in which defendant's lands were taxed, and for which tax the tax bills sued on were issued. The procedure leading to the issuing of the tax bills was in accordance with the statute. Defendants say, however, that they had no notice of any kind that their property was to be taxed, and that absent some character of notice the assessments placed on their property were and are void, and therefore the tax bills are void. The statute provides for no notice. Once the local option method as provided by the Act of 1895 is adopted by the qualified voters the City Council thereafter by ordinance creates the sewer district, and levies the assessments for the benefits by following the procedure laid down in the statute, and this procedure does not provide for any notice of any kind that the landowner's property is about to be or will be taxed. The validity of this Act of 1895 which authorizes such procedure was what defendants were aiming at when they attempted to raise the constitutional question. It would appear, however, from the authority of Embree et al. v. Road District et al., 257 Mo. 593, 166 S. W. 282, that defendants had the opportunity at the trial on the tax bill to make any defense they may have had from the inception of the proceedings re-

sulting in the issuing of the tax bills. But we are not concerned with this feature. The statutory procedure was followed and defendants cannot complain.

Defendants make the further contention that the Legislature in 1909 amended the statute under which the City Council proceeded, and that the qualified voters in 1896 could not adopt a law that was not enacted until 1909. In 1909, Laws 1909, p. 293, certain sections of the Act of 1895 pertaining to the subject-matter now in hand were amended; but these amendments in no manner changed the general purpose of the original act, Laws 1895, p. 58. The amendments concern disposal plants, the acquisition of land therefor, and a few other minor changes which in no manner changed the general scope or purpose of the original act. Defendants cite Wilson v. City of Seattle, 2 Wash. 543, 27 Pac. 474; Pennsylvania Co. v. Cole et al., 132 Fed. 668, and Page & Jones on Taxation by Assessment, sec. 227, to support their contention that the qualified voters after the amendments of 1909 would have to readopt the law as amended in order to make it available. The authorities cited do not go to the extent claimed by defendants. The rule so far as we have been able to ascertain is contrary to the contention of defendants so long as the amendments do not change the general purpose or procedure provided by the original act or law adopted. [The People ex rel. Miller, Collector, v. Brislin, 80 Ill. 423; Andrews v. People, 83 Ill. 529; West Chicago Park Commissioners v. McMullen, 134 Ill. 170, 10 L. R. A. 215; Page & Jones on Taxation by Assessment, sec. 227.] It is pointed out in the text cited that a different rule obtains where no work has been done and no contract entered into before the change of statute. The exception to the general rule was the case in Wilson v. Seattle, supra, and the question is not considered in Pennsylvania Co. v. Cole, supra.

The judgment below should be affirmed and it is so ordered. *Cox, P. J.,* and *Farrington, J.,* concur.